HALSEY *v.* MATTHEWS.

Trespass *quare clausum fregit.* Plea, *liberum tenementum.* Replication, by way of new assignment, as follows: That the piece of land in the declaration mentioned was and is a certain close, situate, &c., and bounded as follows (the boundaries are here set out); that said close now is

and at said time when, &c., was in the lawful and peaceable possession of the plaintiff; which said close now is, and, at said time when, &c., was another and different close from the said close in the said plea mentioned and therein alleged to be the soil and freehold of the defendant. Verification. *Held*, that the new assignment was sufficient.

A fact in issue, and which was necessary to have been proved to authorize the judgment of the Circuit Court, will be presumed to have been proved, if the record does not show the contrary.

In trespass *quare clausum fregit*, where the unlawful breaking into the plaintiff's close is established, it is not material to his right to recover, whether the matter of aggravation alleged is proved or not.

APPEAL from the *Decatur* Circuit Court.

BLACKFORD, J.—This was an action of trespass *quare clausum fregit*. Pleas, not guilty and *liberum tenementum*. New assignment. Pleas to the new assignment, not guilty and *liberum tenementum*. Replication to the last plea of *liberum tenementum*, that the close belonged to the plaintiff. Verdict and judgment for the plaintiff.

The declaration alleges that the defendant, on, &c., at, &c., broke and entered the plaintiff's close situate in *Fugit* township, *Decatur* county, *Indiana*, and then and there turned in and upon said close a large number of hogs, &c., which hogs tore down and destroyed the plaintiff's corn growing on said close, &c., of the value of 200 dollars, &c. Damage 500 dollars.

The new assignment states that the piece of land in the declaration mentioned was and is a certain close, situate, &c., and bounded as follows (the boundaries are here set out); that said close now is, and at said time when, &c., was, in the lawful and peaceable possession of the plaintiff; which said close now is, and at said time when, &c., was, another and different close from the said close in the said plea mentioned and therein alleged to be the soil and freehold of the defendant. And this he is ready to verify, &c.

The defendant makes two objections to the proceedings in this case.

The first is, that the new assignment is insufficient. This new assignment agrees with the precedent in 3 Chitty's Pleading, p. 1217, except that it has the following words, namely: " which said close now is, and at said

*May Term, 1852.*

HALSEY
v.
MATTHEWS.

*Thursday, June 3.*

time when, &c., was, in the lawful and peaceable possession of the plaintiff." Those words are not in said precedent; but we cannot see how they can injure the new assignment. They may be considered as mere surplusage. The object of a new assignment, in a case like the present, is merely to give a more particular description of the close than the declaration gives, and to show that the close is a different one from that mentioned in the plea. That object is surely accomplished by the new assignment before us.

The second objection is the refusal of the Court to give the following instruction to the jury, namely: "If the jury believe from the evidence that the corn and other property mentioned in the declaration and therein alleged to have been destroyed, belonged to one *William Matthews*, and not to the plaintiff, they may find for the defendant."

We cannot say that the Court was bound to give that instruction. The destruction of the property on the premises is alleged as matter of aggravation; and it does not necessarily follow that because that property belonged to a stranger, the jury might correctly find a verdict for the defendant. If the cause of action, to-wit, the defendant's unlawful breaking into the plaintiff's close described in the new assignment, was proved to the satisfaction of the jury, and we must presume it was, the record not showing the contrary, it was not material to the plaintiff's right to recover, whether the matter of aggravation was proved or not.

*Per Curiam.*—The judgment is affirmed, with 6 *per cent.* damages, and costs.

*A. Davison,* for the appellant.

*J. Robinson,* for the appellee.