THE PRESIDENT AND DIRECTORS OF THE CRAWFORDSVILLE AND WABASH RAILROAD COMPANY v. WRIGHT.

Trespass will lie against a corporation.

Trespass against a railroad company, for entering upon the plaintiff's close with men, &c., and digging up and carrying away earth, &c. The record of the cause did not show that the injuries were committed by the company when acting under their charter, or in the construction of their road. *Held,* that it could not be presumed that they were so committed.

*Held,* also, that the company, if they desired to avail themselves of such defence, should have set it up by plea.

APPEAL from the *Montgomery* Circuit Court.

PERKINS, J.—Trespass by *Wright* against the *President and Directors of the Crawfordsville and Wabash Railroad Company.* The declaration is as follows:

*George Wright* complains of the *President and Directors,* &c., in a plea of trespass. For that long before and at the time of the committing of the grievances hereinafter named, said plaintiff was, and still is, possessed and the actual owner of the north half of, &c., in the county, &c.; and being so, said defendant, heretofore, to-wit, on, &c., and at divers times between said day and the bringing of this suit, at, &c., aforesaid, with force and arms, broke and entered upon said premises, with men, horses, picks, &c.,

and dug up and carried away large quantities of earth, to-wit, &c.; by means whereof said plaintiff says he has sustained damages to the amount, &c.

A demurrer to this declaration was overruled, damages were assessed, and a final judgment was rendered for the plaintiff.

The company contend that the suit can not be maintained, because trespass will not lie against a corporation.

Such was once supposed to be the law; but the doctrine is unsound and has been exploded. 1 Chitt. Pl. 76.—1 Swan's Pr. 92.—Ang. and Ames on Corp. 328—334.

To render a person guilty of a tort, it is not necessary that he should actually commit it. If he command, hire, or in any way procure it to be committed, he is guilty of and liable for it. And where a trespass is perpetrated by persons acting by procurement of a corporation, there is neither reason nor justice in turning the injured individual over to the uncertain responsibility of the acting agents, and permitting the principal to escape.

The company also contend, that, if liable at all, they are only liable in a proceeding in the manner prescribed by the charter for the assessment of damages for injuries committed to property in the construction of the proposed railroad; and *Null* v. *The White Water Valley Canal Company*, 4 Ind. R. 431, deciding such to be the law in that case, is cited.

But the record does not show that the injuries complained of were committed by the company when acting under their charter, or in the construction of their road, and we can not presume that they were so committed. If they were, the company should have brought forward the fact by plea. This is the rule in suits against road supervisors, tax collectors, &c., who, when sued as individuals in trespass for taking or injuring property, plead the authority by virtue of which they did the acts complained of; and the rule must be the same in this class of cases.

*Wright*, the plaintiff below, contends, indeed, that the provision in the charter referred to would have afforded no protection, had the company shown that they were acting,

May Term, 1854.

THE PRESIDENT, &C., OF THE CRAWFORDSVILLE, &C., RAILROAD CO.
v.
WRIGHT.

in taking his property, strictly within it, as he insists said provision is unconstitutional, inasmuch as it makes no provision, nor does the charter anywhere, for a trial by jury in assessing damages.

The provision in the charter is similar to those in our highway acts for laying out state and county roads and assessing damages by viewers.

From the decision we have come to on the first two points made, it sufficiently appears that this latter question does not properly arise in the case, and we shall not volunteer a discussion of it. We will merely remark, that in several of the states of the *Union* it has been decided, that the clause in the constitution requiring jury trials in civil or common-law cases, did not apply to certain legal proceedings, in which, however, important rights of persons and property were determined. See *Smith's* Commentaries on Statutes, &c., 550, 569. Whether the taking and compensating for private property for public use be one of those proceedings, we shall not, as we have said, now inquire.

*Per Curiam.*—The judgment is affirmed, with 10 per cent. damages and costs.

*H. S. Lane* and *S. C. Willson*, for the appellants.

*R. C. Gregory* and *R. Jones*, for the appellee.