THE INDIANA CENTRAL RAILWAY COMPANY *v.* OAKES and Others.

REMEDY.—Where a special remedy is given by statute, for the taking of private property, in the construction of public works, that rem-

edy only can be adopted, and it is not a cumulative remedy, and this rule is applicable as well to corporations created by statute under the new as under the old Constitution, in all cases where the incorporating act is not a private statute.

DEMAND—TENDER.—Where, by its charter, in order to entitle a corporation to appropriate private property, it is required first to demand of the owner the relinquishment of the same, and to tender him a fair compensation therefor, if the owner is an infant, such demand and tender would be inoperative against him, and need not therefore be made by the corporation.

LIMITATION.—And in such case, the period of limitation necessary to bar the remedy of such infant, would not begin to run until he had attained his majority.

APPEAL from the *Hancock* Circuit Court.

DAVISON, J.—*Henrietta* and *Mary Oakes* being minors, by *Morris Pierson*, their guardian and next friend, sued the Railway Company in trespass. The complaint consists of two counts. The first alleges that the plaintiffs were the owners and in the possession of a certain half-quarter section of land in *Hancock* county, and that the Company, which was the defendant, on the 1st of *January* 1853, and on divers other days, &c., entered upon said land, and took therefrom 25000 yards of gravel, worth 1250 dollars, and converted the same to her own use, &c. By the second count it is alleged that the defendant, intending to injure the plaintiffs, did erect and continue an embankment adjoining to and upon the same land, and thereby caused large portions of it to be overflowed and rendered worthless, &c. Damages were laid at 1800 dollars.

The defendant answered, 1st. By a general traverse. 2. That defendant was organized under, and derived her powers as a corporation, from certain acts of the Legislature, (which are referred to in the pleading), and that in the use and construction of the railway, provided for by said acts, it became and was necessary to take said gravel, which was situated on

The Indiana Central Railway Co. *v.* Oakes and Others.

the line of the railway, and upon the plaintiff's land. And they the plaintiffs, being ιncompetent, by reason of infancy, to relinquish their right to the gravel, or to agree upon a fair compensation therefor; the defendant did, by her servants, enter upon land of the plaintiffs, and dig and carry away said gravel, for the construction of her railway, doing no unnecessary damage to the plaintiffs, &c. 3. That the defendant was organized, &c., (as in the preceding defences mentioned), and that the embankment, described in the complaint, was and is a part of the track of a side road or switch, from the main track to the defendant's gravel pit, about 400 yards from the main track, and used to convey gravel from the pit to ballast the railway, and make the same solid, &c. And it was necessary for the proper construction of the railway to procure the gravel and build the side track, and that said side track and gravel pit were upon the land through which the main track runs; wherefore defendant did enter, doing no unnecessary damage or injury, &c., and the overflowing complained of was caused solely by the building of said necessary embankment, &c. 4. That the several acts and grievances, in the complaint stated, were not committed or done within two years next before the commencement of this suit, &c.

Plaintiffs demurred to the second, third, and fourth paragraphs of the answer. To the third, the demurrer was overruled, but to the second and fourth it was sustained. And the plaintiffs, as to the third paragraph, replied, 1. By a general denial. 2. That defendant did not ask plaintiffs to relinquish the land, gravel, &c., mentioned in the answer, nor did she offer a fair compensation therefor, but they were at all times ready and willing to accept such compensation, and relinquish the right of way, &c. 3. That plaintiffs never refused to relinquish to defendant the right to any lands necessary for the use and construction of the railway, nor did they ever refuse to accept a fair compensation for such relinquishment, but the

truth is, the defendant, without asking plaintiffs to relinquish the right of way, or allowing them an opportunity to accept a compensation therefor, erected said embankment to the damage, &c.

Demurrers to the second and third replies were overruled, and the defendant excepted. The issues were submitted to a jury, who found for the plaintiffs 123 dollars. Motion for a new trial denied, and judgment on the verdict.

Section 3 of an act amending the charter of the Company is referred to by the appellant, and relied on as decisive of the questions involved in this case. That section provides thus: "In all cases where the owner of lands, stone, (gravel, wood, or other materials) necessary for the use and construction of the road, shall refuse to relinquish the same to the corporation or shall refuse to accept a fair compensation therefor, it shall be lawful for the corporation, by their agent, &c., to enter upon, take possession of, and use the same, avoiding, in all cases unnecessary damage to the owner. And where such owner may feel aggrieved or injured in consequence of such use of his land, &c., he shall make a written complaint before the nearest justice of the peace, setting forth the nature and locality of the injury, &c., whereupon such justice shall require the president of the company to appoint one disinterested appraiser, and the complainant another, which appraisers, so appointed, shall upon computation of the damages, make up their award, and report the same to the justice, &c.; Provided that no claim shall be recovered or paid by such corporation unless application therefor be made as herein provided, within two years next after the property shall have been taken possession of as aforesaid." Local laws, 1849, p. 92.

In view of this enactment, the enquiry arises whether the plaintiffs, in this instance, have not misconceived their remeedy? It has been often decided that "Where property is taken for public use, under the authority of a statute which

The Indiana Central Railway Co. *v.* Oakes and Others.

points out the mode in which compensation shall be made therefor, that mode, and no other must be pursued." *Kimble* v. *The Whitewater Valley Canal Co.*, 1 Ind. 285; *Lafayette, &c., R. R. Co.* v. *Smith*, 6 *id.* 249. The reason of the rule is that, as the law authorizes the property to be taken, the corporation appropriating it committed no wrongful act, hence the common law doctrine of cumulative remedies is not applicable. 4 Ind. 431. And the principle thus stated applies as well to incorporations created by statute under the new, as under the old Constitution, 7 Ind. 35. There is, it is true, an exception in favor of the remedy being cumulative, where the incorporating act is a private law, but that exception does not apply to the case at bar, because here the original act of incorporation is a public statute, and its amendment, which we have recited, must, in that respect, be deemed alike effective. (See Local Acts, 1847, page 77.) It is, however, contended that until the plaintiffs had refused to relinquish their property to the corporation, or to accept a fair compensation therefor, the company had no authority under her charter to possess and use it; and having appropriated it without demanding such relinquishment, or offering such compensation, she was guilty of trespass. This proposition, when applied to the case before us seems to be incorrect. The owners of the property being infants, were, for that reason, not of legal capacity to give a valid relinquishment, or to agree upon a fair compensation. And the defendants were therefore excused from the demand and offer, which, in ordinary cases are required by her charter. The defendant, it is true, appropriated the property without taking initiative proceedings for the assessment of damages. But the demurrers concede the facts, that she was an organized corporation, and took the land and gravel, and constructed the embankment, the same being on the line of her road, in the prosecution of her work, doing no unnecessary damage, &c. This mode of appropriation may

not be the one contemplated by the charter, still the company is in possession of the property, has appropriated nothing to which she was not entitled for the purposes of her road, and that being the case, there seems to be no reason why the owners should not be confined to the statutory remedy. *President, &c., of the Crawfordsville, &c., R. R. Co.* v. *Wright,* 5 Ind. 252. Nor does the fact that such owners were infants excuse them from adopting that remedy, because they could have proceeded, as they have in this case, by guardian or next friend. And, on account of their infancy, the limitation fixed by the incorporating act, could not bar the remedy prescribed by the statute, until after they became of full age. The plaintiffs having, in this case, misconceived their remedy, the judgment must be held erroneous.

*Per Curiam.*—The judgment is reversed. Cause remanded to be dismissed.

*Newcomb* and *Tarkington,* for the appellants.

*W. R. West* and *Hervey Craven,* for the appellees.