### GREEN and Others *v.* BOODY and Others.

PLEADING—RAILROADS.—In an action for forcibly entering upon land, and digging the soil, excavating pits, making embankments, &c., an answer that the defendants entered as the servants of a specified railroad company, which had legally appropriated the injured property as the line of her road, &c., would justify the entry and bar the suit.

APPEAL from the *Cass* Circuit Court.

PERKINS, J.—*Green* and others commenced an action to recover damages occasioned by an alleged trespass committed by *Boody* and others upon the land of the plaintiffs, on which were situate mills, machinery, &c. The plaintiffs alleged that they were, and for many years had been, the owners, and in possession of the land, mills, &c.; that while they were thus owners and possessors, the defendants, unlawfully and forcibly,

Green and Others *v.* Boody and Others.

entered upon said land, mills, &c., to-wit: on the 1st day of *April*, 1858, and on divers other days, &c., before the commencement of this suit, "and dug up the soil, excavated pitts, raised embankments, set in abutments of stone and erected piers, cut down the banks, broke up and destroyed large quantities of lumber, and carried away the same, and other wrongs then and there did, whereby the said mill seat and buildings, and machinery thereon, were injured and destroyed, &c., to the damage, &c."

The defendants answered that they entered as the servants of the *Toledo and Wabash Valley Railroad Campany*, while acting under its charter, and which company had appropriated said injured property as the line of her road, &c.

A demurrer to the answer was overruled, and the defendants had final judgment in their favor.

This suit was for the illegal entry upon the lands; the destruction of the mill, the lumber in it, &c., and the digging up of the ground, &c., are but matters of aggravation. An answer, then, which justified the entry, barred the suit, because, says *Mr. Stephens*, in his work on pleading, pp. 217, 243, no issue should be taken on, nor answer made to matters of aggravation. See, also, 1 Chit. Pl. 397; 4 Blackf. 179; 3 Ind. 404; Gould Pl., sec. 10, chap. 3. The company or hands may, perhaps, be liable to a suit brought for the value of any personal property injured or destroyed which was not included in the property taken by the company for the construction of the road.

The answer, above stated, is shown to be a good bar to this action, as instituted, by the case of *The President, &c.* v. *Wright*, 5 Ind. 252, and cases there cited; and *The Indiana Central Railway Co.* v. *Oakes et al.*, 20 *id.* 9.

*Per Curiam.*—The judgment is affirmed, with costs.

*D. D. Pratt* and *D. P. Baldwin*, for the appellants.

*William Z. Stuart*, for the appellees.