Nov. Term,
1848.

KIMBLE
v.
THE WHITE
WATER VAL-
LEY CANAL
Co.

---

KIMBLE *v.* THE WHITE WATER VALLEY CANAL COMPANY.

Where a work of a public character is authorized by an act of the legislature, and the act specifically prescribes a mode of obtaining compensation for private property to be taken for its construction, such compensation must be sought by the way pointed out by the act, and not otherwise.

Arbitrators appointed, under the charter of the *White Water Valley Canal Co.,* for the assessment of the amount of compensation to be received by individuals for injuries sustained by the appropriation of their property to the purposes of the company, should assess the entire value of such property, and, after assessment of damages and payment thereof, the property vests in the company.

ERROR to the *Franklin* Circuit Court.

SMITH, J.—Trespass on the case. The declaration contains two counts. The first count alleges that the plaintiff is the owner of certain real estate in the county of *Franklin,* upon which are erected several mills supplied with water from the *West Fork* of the *White Water* river; and that the defendants erected a feeder-dam for their canal across said stream, and by means thereof diverted the water from his said mills, &c. ' The second count is similar to the first, with the additional averment that the plaintiff, on the 1st day of *February,* 1845, filed his claim for damages in that behalf under the 11th section

*Friday,
January 26,
1849.*

Nov. Term,
1848.

KIMBLE
v.
THE WHITE
WATER VAL-
LEY CANAL
Co.

of the charter of the company, designating his arbitrator, and calling upon the company to select an arbitrator in like manner, which the company refused to do. The first count was demurred to and the demurrer sustained. To the second count the defendant filed two pleas: 1st. The general issue; 2d. That the defendant refused to appoint an arbitrator on the said demand of the plaintiff, because the said plaintiff, in his said claim, insisted that the damages which had accrued up to the time of making their award, and not the plaintiff's entire damages, should be assessed by said arbitrators. This plea was demurred to, but the demurrer was overruled and the defendant had judgment.

The only questions for this Court to decide are presented by the demurrers.

The eleventh section of the defendant's charter, which is a public act, provides, " that whenever any land, water, or materials shall be taken for the construction of said canal, or any of its feeders or works connected therewith, and the same shall not be given or granted to said company, and the proprietor or proprietors do not agree with said company as to the compensation to be paid therefor, it shall be lawful for the person or persons claiming compensation as aforesaid, to select for themselves one arbitrator, and the company shall select another, and the two thus selected shall take to themselves a third, who shall award as arbitrators between the parties, and report the result of their award in writing to the secretary of said company, who shall enter the same at full length, with the other proceedings properly appertaining to said arbitration, in the books of said company." The remaining portion of the section prescribes the manner in which either party may appeal from such award to the Circuit Court having jurisdiction.

It is contended, by the counsel for the plaintiff, that the method thus pointed out by the charter for obtaining compensation when the property of individuals has been taken by the company for the purpose of constructing their canal, is cumulative only, and does not take away

the common law remedy. This position cannot be sustained. In cases like the present, when a work of a public character is authorized by an act of the legislature, and a mode of obtaining compensation for private property to be taken for its construction is specifically prescribed, such compensation must be sought in the way pointed out by the act, and not otherwise. *Colking* v. *Baldwin*, 4 Wend. 667 (1). We also think that the provisions of the 11th section of the charter contemplate that the arbitrators to be appointed for the assessment of the amount of compensation to be received by individuals for injuries sustained by the appropriation of their property to the purposes of the company, shall assess the entire value of such property. After such assessment of damages, and payment thereof, the property taken is evidently intended to be vested permanently in the company, and there can be no good reason for subjecting the latter to as many suits or proceedings as the owners of the property taken might choose to institute, to require the assessment of damages, for the use of such property during successive periods of time, if they should think proper so to split up their claims. The company was, therefore, entitled to disregard the application made by the plaintiff as alleged in the second count of the declaration, if the arbitrators to be appointed were restricted by him as is averred in the plea demurred to.

*Per Curiam.*—The judgment is affirmed with costs, &c.

*J. A Matson* and *G. Holland*, for the plaintiff.

*S. W. Parker*, and *J. S. Newman*, for the defendant.

Nov. Term, 1848.

KIMBLE
v.
THE WHITE
WATER VAL-
LEY CANAL
Co.

(1) See *Stowell* v. *Flagg*, 11 Mass. R. 364.—*Stevens* v. *Middlesex Canal Co.*, 12 id. 466.—*Callender* v. *Marsh*, 1 Pick. 430, and *Jackson* v. *Winne*, 4 Little's R. 327–8.