May Term,
1851.
—————
CONWELL
V.
THE HAGERS-
TOWN CANAL
COMPANY.

———————

CONWELL *v.* THE HAGERSTOWN CANAL CAMPANY.

Where a work of a public character is authorized by an act of the legislature, and the act specifically prescribes a mode of obtaining compensation for private property to be taken for its construction, such compensation must be sought by the way pointed out by the act, and not otherwise.

Tuesday,
June 3.

ERROR to the *Wayne* Circuit Court.

SMITH, J.—*Conwell* filed a bill in chancery against the defendants in error, praying for an injunction to prevent the canal company from diverting the water from his mill and using it for the purposes of their said canal.

He charges that the company is insolvent and unable to make compensation for the damages he will sustain; and, also, that the said company is about to take not only water enough for the purposes of navigation, but sufficient water to supply a water-power leased by the company to *Conklin*, at a point on the canal below the dam of *Conwell*, which excess of water will be taken from the water necessary to supply *Conwell's* mill, to his injury.

The company answered, denying its insolvency, and

denying also that it is intended to take any more water from the stream on which *Conwell's* mill is situated than is necessary for the navigation of the canal.

The injunction was refused; and the cause being submitted upon bill and answer without other proof, the bill was dismissed.

It is admitted that the company has the right, under its charter, to take the water for the purpose of making the canal navigable; and as the material allegations of the bill on which the motion for an injunction was predicated are expressly denied by the answer, and are not supported by any proof, the Court could not do otherwise than refuse the injunction. The mode of obtaining compensation being pointed out by the charter, the complainant cannot, without showing some sufficient reason, adopt other proceedings to obtain redress for the damages he may sustain. *Kimble* v. *White Water Valley Canal Co.* Ind. R. 93 (1).

*Per Curiam.*—The decree is affirmed with costs.

*C. H. Test* and *J. Perry*, for the plaintiff.

*J. S. Newman* and *S. W. Parker*, for the defendants.

(1) See 1 Carter's Ind. R. 285.