May Term,
1855.

THE LAFAY-
ETTE AND IN-
DIANAPOLIS
RAILROAD
COMPANY
v.
SMITH.

</div>

---

THE LAFAYETTE AND INDIANAPOLIS RAILROAD COMPANY
*v.* SMITH.

The acts of *January* 28, 1842, (Laws 1842, p. 3,) and *January* 19, 1846, (Laws 1846, p. 149,) gave to the *Lafayette and Indianapolis Railroad Company* the power to appropriate private property, so far as necessary for the construction of their road, and devolved upon the board of directors the duty of having the damages assessed, upon application made to them, in the manner provided in the internal improvement law of 1836.

Where a special remedy is given by statute, for the taking of private property in the construction of public works, that remedy only can be adopted.

ERROR to the *Tippecanoe* Circuit Court.

GOOKINS, J.—*Julia A. Smith*, the defendant in error, brought an action of trespass *quare clausum fregit* against

<div style="text-align:right">

*Thursday,*
*May* 31.

</div>

May Term,
1855.

THE LAFAY-
ETTE AND IN-
DIANAPOLIS
RAILROAD
COMPANY
v.
SMITH.

the *Lafayette and Indianapolis Railroad Company*, for constructing their road through her land. Plea, not guilty. Verdict for the plaintiff. Motion for a new trial overruled, and judgment on the verdict.

It was admitted on the trial, that all the legislative enactments passed at various times by the general assembly in regard to said road, had been accepted by the company.

At the instance of the plaintiff, the Court instructed the jury as follows: "There is no mode provided by law for the assessment of damages for land taken by the *Lafayette and Indianapolis Railroad Company*, for their railroad; and there being no mode provided by law for assessing such damages, the defendant is liable in trespass for such damages as the jury believe the plaintiff in this cause has sustained." Other instructions were given and refused, which, from the view we take of the case, it is unnecessary to examine.

The question presented by the foregoing instruction was under review in the case of *The Trustees of the Wabash and Erie Canal* v. *Johnson*, 2 Ind. R. 219. From the brevity of the report of that case, the point adjudicated does not very clearly appear; but this question was fully considered. The trustees of the canal, conceiving that the legislation of 1846 and 1847, by which that board was organized, had superseded the provisions of the internal improvement law of 1836, on the subject of the assessment of damages, declined to certify into the Circuit Court an appeal prayed by *Johnson* from an assessment of damages they had caused to be made, and the *mandamus* in that case was prayed to compel them to send up the appeal. This presented the question, whether the internal improvement law of 1836, so far as it related to the assessment of damages, was still in force. That question was decided in the affirmative; and it was held that the duties which were by the act of 1836 devolved upon the board of internal improvements, and, by subsequent legislation, upon other superintendents and officers, in relation to the assess-

ment of damages, were devolved upon the trustees of the canal by the act of 1846, p. 7, sec. 8.

May Term,
1855.

THE LAFAY-
ETTE AND IN-
DIANAPOLIS
RAILROAD
COMPANY
v.
SMITH.

Under the acts of *January* 28, 1842, (Laws of 1842, p. 3,) of *January* 19, 1846, (Laws of 1846, p. 149,) and *January* 15, 1849, (Local Laws of 1849, p. 366,) the *Lafayette and Indianapolis Railroad Company* became a corporation. The first section of the first-named act provides, that "all the privileges of constructing said works, and repairing the same, and the right of condemning the right of way and materials for constructing or repairing the same, to the same extent and in the same manner that the state now holds or may exercise such rights," shall devolve upon the company which may be organized under it; and the same rights, privileges, powers, and immunities are conferred upon and vested in this company, by the act of *January* 19, 1846.

These enactments gave to the company the power to appropriate private property, so far as necessary for the construction of their road, and devolved upon the board of directors the duty of having the damages assessed, upon application made to them, in the manner provided in the internal improvement law of 1836.

In such cases, where a special remedy is given by statute, that alone must be adopted. *Kimble* v. *The White Water Valley Canal Co.*, 1 Ind. R. 285.— *Conwell* v. *The Hagerstown Canal Co.*, 2 *id.* 588. It follows, that the instruction given was erroneous, and that this action can not be maintained.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, with instructions to the Circuit Court to dismiss the suit.

R. C. *Gregory*, R. *Jones* and Z. *Baird*, for the plaintiffs.

H. W. *Chase*, G. S. *Orth* and E. H. *Brackett*, for the defendant.