THE EVANSVILLE AND CRAWFORDSVILLE RAILROAD COMPANY *v.* ROSS.

The statute of 1853 in relation to the liability of railroad companies whose roads are not fenced, for killing stock, does not apply to actions commenced in Courts of Common Pleas, and Circuit Courts; but only to such as are brought in justices' Courts.

The act of 1859 extended the rule established by the act of 1853 for the decision of causes brought in justices' Courts, against railroad companies for killing stock, to actions of the same class brought in Courts of Common Pleas and Circuit Courts.

APPEAL from the *Sullivan* Court of Common Pleas.

PERKINS, J.—Suit by *Ross* against *The Evansville and Crawfordsville Railroad Company*, to recover for stock killed upon the railroad by the machinery of the company. The suit was instituted originally in the Common Pleas. The complaint alleged that the road of the company was not fenced, but it did not aver any negligence in the management of the machinery by which the stock was killed.

A demurrer to the complaint, because it did not state facts sufficient to constitute a cause of action, was overruled, and the defendants excepted.

The cause was tried, and the plaintiff recovered.

The circumstance that the road was not fenced, controlled the decision of the cause, when it should have had nothing to do with it.  *The Indianapolis, &c., Co.* v. *Taffe,* 11 Ind. R. 458.

.´ The statute of 1853 in relation to liability of railroad companies for stock killed where the road was not fenced, applied only in cases originally commenced before justices of the peace.  *Ibid.*  Suits commenced in any other Court were governed by the rules of the common law.

By that law, the complaint in this case contained no cause of action, and the demurrer to it should have been sustained.

The legislature of 1859 changed the statute, and extended the rule of decision, theretofore prevailing in justices' Courts alone, to cases originally commenced in the Common Pleas and Circuit Courts.

The statute of 1859 provides as follows:

" That whenever any animal or animals shall be killed or injured by the cars or locomotives, or other carriages used on any railroad in this state, the owner thereof may go before some justice of the peace of the county in which such injury occurred, and file his complaint in writing; and such justice shall fix a day to hear said complaint, and shall cause at least ten days' notice to be served on the railroad company defendant, by service of summons by copy on any conductor of any train passing through said county; but in all cases when the value of any animal or animals so killed shall exceed 50 dollars, the owner or owners of any such animal or animals may file his complaint and prosecute his claim before such justice of the peace, in the Court of Common Pleas, or in the Circuit Court, at his option.

" Sec. 2.  When such complaint shall be filed in the Circuit Court or Court of Common Pleas, the clerk of said Court shall issue a summons thereon as in other cases, which summons shall be served by the sheriff on the railroad company defendant at least ten days before the first day of the term at which such cause is to be heard, and

May Term,
1859.

THE EVANS-
VILLE, &c.,
RAILRO'D CO.
v.
ROSS.

said summons may be served by copy on any conductor of any train passing through said county.

"On the hearing of said cause, the Court or jury trying the same shall give judgment for the plaintiff for the value of the animal or animals destroyed or injury inflicted, without regard to the question whether such injury or destruction was the result of willful misconduct or negligence, or the result of unavoidable accident." Acts of 1859, p. 105.

This statute does not cure the error committed in the case at bar.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. P. Usher*, for the appellants.