The `Toledo, Wabash, and Western Railroad Company v. Hibbert.

May Term, 1860.

The Toledo, &c., Railroad Co. v. Hibbert.

The statute of 1853, in relation to the liability of railroad companies whose roads are not fenced, for killing stock, does not apply to actions commenced in Courts of Common Pleas and Circuit Courts.

APPEAL from the *Huntington* Court of Common Pleas.

*Wednesday, June 13.*

HANNA, J.—This was a suit against the company for the value of certain hogs and cattle destroyed by the rolling stock of the company. The first and third paragraphs of the complaint are founded upon the statute of *March*, 1853. The second, avers carelessness, &c., but is confined to the killing of cattle at the crossing of a highway.

The answer, in several paragraphs, in substance, averred that due care and caution were used by the company, but that in consequence of the negligence of the defendant, the injury occurred.

In reply a general denial was filed.

The evidence tended to show the destruction of four hogs, worth 12 dollars, some half a mile from the crossing of the highway, and the killing of four and injury of two head of cattle at the crossing. The road was not fenced. The evidence was contradictory as to whether due care had been exercised by the servants of the company.

The instructions given assumed, and those refused denied, that the case was governed by the act of *March*, 1853.

The verdict was for the plaintiffs, and was for such sum that we are not able to determine certainly whether the value of the hogs was included in it or not. If it was, and we see nothing in the evidence and instructions as given to preclude the jury from so including it, then the case will have to be reversed.

We have heretofore decided that the act of *March*, 1853, does not apply to cases commenced in the Common Pleas and Circuit Courts. (1)

The instruction that, because the road was not fenced, the company were liable, whether guilty of negligence or not, was, therefore, erroneous.

Under this view of the case, it is not necessary for us to decide whether the want of an averment of carelessness, &c., in the first and third paragraphs of the complaint was cured by the subsequent pleadings.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. Z. Stuart*, for the appellants.

*L. P. Milligan*, for the appellee.

(1) *The Evansville, &c., Co.* v. *Ross*, 12 Ind. R. 446. The act of 1859 extended the remedy so as to enable a party to bring his action in either of those Courts.