May Term,
1861.

THE INDIAN-
APOLIS, &c.
RAILROAD CO.
v.
SNELLING.

THE INDIANAPOLIS AND CINCINNATI RAILROAD COMPANY *v.*
SNELLING.

An animal was killed by the freight train of the railroad company, at a place where a small town was being built up, and used as a station. The road had been fenced at this point, but a gap had been opened by some one in front of the town. It was not shown with distinctness whether the town was laid out up to, and along the railroad, or at some distance back.

*Held*, that this Court is not authorized to say, in opposition to the finding of the Court below, that the railroad company was not in fault in not closing up the fence.

*Held*, also, that the statute awarding damages to the owners of animals killed or injured by the rolling stock of any railroad company, applies to animals killed by *freight*, as well as passenger, trains.

APPEAL from the *Decatur* Circuit Court.

PERKINS, J.—Suit by *Snelling* against The *Indianapolis and Cincinnati Railroad Co.*, to recover the value of an animal killed on the road. Judgment below for the plaintiff. It was proved that the animal was killed by a freight train on *The Indianapolis and Cincinnati Railroad*, in *Decatur* county, and that the animal was worth $65, the amount of the judgment recovered. It was proved that the animal was killed near a place called *Smith's Station*, and where the company had fenced the road. It would seem that since the road was fenced, a small town, called *Smith's Station*, had been platted on paper, and the ground to some extent built upon, but to what extent does not appear; nor does it appear with distinctness how the town lies with respect to the road; whether immediately upon it, or at a distance back from it. It further appears that a gap had been opened by some one, in the fence built by the company, in front of the town; that it had been closed up and reopened several times, and that it had been left open for some time before the animal in question was killed; that the animal probably passed on to the road through this gap, and did not belong to the owner of the lot from which it passed on to the road. See *The Terre Haute and Richmond Railroad Co.* v. *Smith, ante*, p. 102.

Upon the foregoing facts, we think we are not authorized to say, in opposition to the finding of the jury and the judgment of the Court below, that the company was not in fault.

Saturday,
June 15.

May Term, 1861.

THE CINCINNATI, &c. RAILROAD CO. v. HUNCHEON.

in failing to close the gap in the fence through which the animal may have passed. But another *ground is taken for* a reversal; it is this: that the statute requiring railroad companies to fence, is a police regulation for the benefit of passengers, and therefore has no application to cases of stock killed by freight trains.

We think this position is not sound. 1. The statute makes no such distinction. It says that whenever any animal shall be, &c., by the cars, &c., on any railroad, &c. See *The Madison, &c. Co.* v. *Whiteneck*, 8 Ind. 217. 2. We think the operatives and property on board of freight trains entitled to the benefit of the statute, as a police regulation. 3. We know, as matter of general knowledge, that passengers are not unfrequently carried by freight trains.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*J. S. Scobey,* for the appellant.

*James Gavin, Oscar B. Hord* and *C. Ewing,* for the appellee.

(1.) DAVISON, J., was absent when *this case was* considered.