Nov. Term,
1861.

INDIANAPO-
LIS AND
CINCINNATI
RAILROAD Co.
v.
RENNER.

---

THE INDIANAPOLIS AND CINCINNATI RAILROAD COMPANY *v.* RENNER.

Jurisdiction over the person of the defendant, may be conferred by pleading to the merits without raising the question; but no consent of parties can confer jurisdiction over the subject matter of a suit.

Actions against railroad companies for injuries to animals, must, under the statute, be brought in the county where the injury was done, and in the absence of proof upon this subject, the jurisdiction of the Court over the subject matter of the case is not made to appear.

APPEAL from the *Dearborn* Circuit Court.

WORDEN, J.—Suit by *Renner,* under the statute, against the company, for killing a cow upon the road, where it was not fenced. Suit was brought before a justice of the peace, and taken by appeal to the Circuit Court, where there was a verdict and judgment for the plaintiff; a new trial being applied for, and denied.

*Friday,*
*November 29.*

Nov. Term,
1861.

The point made is, that the verdict is not sustained by the evidence, and particularly, that it did not appear that the cow was killed in *Dearborn* county. We have looked into the evidence, and find that this fact was not proven, nor was there any evidence from which it might, legitimately, have been inferred. But the appellee insists that as this was a question of jurisdiction, the fact that the cow was not killed in *Dearborn* county, if such were the fact, should have been pleaded in abatement; otherwise, it was waived. The law on the subject requires the suit to be brought in the county where the injury was done. Acts 1859, p. 105.

Under this statute, unless the injury was done in *Dearborn* county, the Courts thereof had no jurisdiction of the subject matter. Jurisdiction over the person of the defendant, may be conferred by pleading to the merits without raising the question. Not so, however, in respect to jurisdiction over the subject matter. No consent of parties can confer such jurisdiction. The complaint correctly alleged that the injury was done in *Dearborn* county, and the statutory denial put in before the justice, put in issue, not only the killing, but that it was done in that county. The burden of proof, on this point, lay on the plaintiff.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*J. S. Scobey*, for the appellant.

*E. Dumont* and *J. T. Brown*, for the appellee.