Schular *v.* Hudson River Rail Road Company.

[NEW YORK GENERAL TERM, November 3, 1862. *Ingraham, Leonard* and *Peckham*, Justices.]

***

## SCHULAR *vs.* THE HUDSON RIVER RAIL ROAD COMPANY.

In an action for an injury to property, alleged in the complaint to have been caused by the negligence of the defendant's agents, an answer denying every allegation in the complaint puts in issue the defendant's liability ; and it is not necessary to aver that the injury was done by other persons, who were responsible therefor, and not the defendant.

D. & M. had an absolute contract with a rail road company to draw its cars, over a certain portion of the road, to furnish the horses and drivers for that purpose, and to assume the entire control of the work. *Held* that while D. & M. were in the performance of this contract, the rail road company could not be made liable for the negligent acts of D. & M.'s employees.

MOTION for a new trial, on a case and exceptions. The action was to recover damages for an injury done to the plaintiff's horse and wagon, by means of a collision with one of the cars of the defendant in a street in the city of New York, alleged to have been caused by the negligence of the defendant's agents. The answer was a general denial.

The injury complained of resulted exclusively from the inattention of the car driver. His was the only negligence proved or suggested. The driver was in the employ of Davis & Myers, who had contracted to haul the cars for the defendant, with their own horses, equipage and drivers. He was hired by them, received his pay from them, was under their control, and looked to them for directions. He was in sole charge of the car at the time ; no other help on the car. The contract showed an independent employment by Davis

& Myers, as contractors to do certain work, as directed by the superintendent of the company. The character of the work was specified in the contract, the place where it was to be performed and the time in which it was to be done, and the compensation, which was "by the job." The contractors were to furnish all the drivers, and to indemnify the company against all claims like the present. They also agreed to discharge any driver on request of the superintendent; but there was no method of enforcing such discharge, except by terminating the contract. The company were not to hire or pay the drivers, and could not discharge them. Nor had the company any control of the driver when at work, nor of the speed of the car or the mode of driving. The company might direct what cars should be hauled and to what stations, but their only control over the manner in which the contractors' performed the work was by their power to terminate the contract. The defendant claimed that under these circumstances the action should have been brought against Davis & Myers, and not against the rail road company. The plaintiff was nonsuited, on the trial.

*J. C. Van Loon,* for the plaintiff, cited *Mayor &c. of New York* v. *Bailey,* 2 *Denio,* 433 ; *Bush* v. *Steinman,* 1 *Bos. & Pul.* 404 ; 4 *Ohio Rep.* 399 ; 2 *E. D. Smith,* 254 ; 15 *Pick.* 297 ; 23 *id.* 24 ; 19 *N. H. Rep.* 127.

*T. M. North,* for the defendant, cited *Blake* v. *Ferris,* 1 *Seld.* 48, 56, 57 *and cases there cited; Weyant* v. *N. Y. and Harlem Rail Road Co.,* 3 *Duer,* 360 ; *Pack* v. *Mayor &c. of New York,* 4 *Seld.* 222 ; *Kelly* v. *The Same,* 1 *Kern.* 432 ; *Norton* v. *Wiswall,* 26 *Barb.* 618 ; *Blackwell* v. *The Same,* 24 *id.* 355 ; *Gourdier* v. *Cormack,* 2 *E. D. Smith,* 254 ; *Felton* v. *Deuel,* 22 *Verm. Rep.* 170 ; *Scott* v. *Mayor &c.,* 37 *Eng. Law and Eq. Rep.* 495 ; *Sadler* v. *Henlock,* 30 *id.* 167 ; *Reedie* v. *London and N. W. R. Co.,* 4 *Exch. Rep.* 258.

Schular *v.* Hudson River Rail Road Company.

*By the Court,* INGRAHAM, P. J.   The plaintiff's horse and wagon were injured by a collision with a car of the defendant at the corner of Hudson and Canal streets, in the city of New York.   The defense was that the cars of the defendant were driven by men in the employ of Davis & Myers, under a contract with them, and that *they* were responsible, and not the defendant.   The plaintiff was nonsuited on the trial.

The first objection is to the sufficiency of the answer to admit of this defense.   The answer denies every allegation in the complaint.   The complaint charges that the agent of the defendant was driving the car, and caused the collision. A denial of this fact puts in issue the defendant's liability, and it was not necessary to aver the contract with Davis & Myers.   Even if it was necessary, we think it was sufficiently averred in the answer.

The other question is whether the contract with Davis & Myers relieved the defendant from liability arising from the acts of one of the employees of Davis & Myers.   They had an absolute contract with the company to draw the cars, to furnish the horses and drivers, and to assume the entire control.   While those persons were in the performance of their contract, I see no ground upon which the defendant could be made responsible, under the decisions in *Blake* v. *Ferris,* (1 *Seld.* 48 ;) *Pack* v. *Mayor &c. of New York,* (4 *id.* 222 ;) *Kelly* v. *The Same,* (1 *Kern.* 432,) and other cases which might be cited.   The defendant had nothing to do with the driving of this car, any more than the parties in the cases cited had to do with the work which they had contracted to have done for them.   The right to control the contractor or to terminate the contract, if the work was not done to the satisfaction of the defendant, does not alter the liability, according to the decision of the court of appeals in the case of *Pack* v. *The Mayor &c. of New York.*   In that case, upon the second trial, I thought that inasmuch as the contract placed the work under the control of the street commissioner, a different rule might be adopted.   But Mason, J.

in that case, said, " The clause does not constitute the workman any more the immediate agent or servant of the defendants than if such provision was not inserted in the contract."

I see no difference between the liability in this case and that which arises from an' injury in building the road. If done under a contract, it has been repeatedly held that the company was not liable.

The judgment should be affirmed.

[NEW YORK GENERAL TERM, November 3, 1862. *Ingraham, Leonard* and *Peckham,* Justices.]