McKinney v. The Ohio and Mississippi R. R. Co.

McKINNEY v. THE OHIO AND MISSISSIPPI RAILROAD CO.

RAILROADS—LIABILITY OF FOR STOCK.—Where a railroad is not securely fenced, the company is liable for stock killed by its cars, without reference to the question of negligence. 1 G. & H. 522.

SAME—RECEIVER.—A railroad company is liable for stock killed by its cars, in such case, although the road is at the time operated by a receiver duly appointed by a competent Court.

APPEAL from the *Dearborn* Common Pleas.

WORDEN, J.—This was an action by the appellant against the railroad company, to recover for stock killed by the cars of the company at a point where the road was not fenced. Trial by the Court; finding and judgment for the defendant; a motion for a new trial being overruled.

It appeared sufficiently that the cattle were killed by the cars of the company, and that the road was not fenced; but the ground of the defence was that the road, at the time the cattle were killed, was being run and operated, not by the company or her servants, but by a receiver appointed by the Circuit Court of the *United States* for the District of *Indiana*.

This defence was held to be invalid in the case of the same *Company* v. *Fitch*, 20 Ind. 498. There an answer had been filed setting up the appointment of a receiver, &c., and it was held that the answer was bad in not showing sufficiently the appointment of the receiver, and in not filing a copy of the appointment; but the Court say: "Aside from this objection, we do not think the existence of the receiver, conceding him to have possessed the powers usually given to a receiver in chancery, relieved the corporation from liability to suit. The corporation still existed, was the owner of the road, and the law made the corporation liable for stock killed under certain circumstances. The receiver operates the road subject to that liability."

The doctrine contended for by the appellee, "that the ser-

McKinney v. The Ohio and Mississippi R. R. Co.

vants whose negligence is complained of, must be the servants of the company, and under the control of the company, in order to make the company liable," may be safely admitted. The statutory right to recover for stock killed by the cars of a railroad company, the road not being fenced, is not based on the ground of negligence in killing the stock. The corporation is made liable for stock thus killed, without negligence. So that negligence on the part of those operating the road is not an element that is at all essential to a recovery in such case. The statute (1 G. & H. 522) makes railroad companies liable for stock killed by the cars, &c., of the company, without reference to the question of negligence, the road not being securely fenced. This statute contains no exception in favor of companies whose roads may be operated by a receiver instead of the servants of the company. It is in the nature of a police regulation, designed to promote the security of persons and property passing upon the road. The reason and spirit of the law are as applicable to roads operated by a receiver, as to those operated by the servants of the company. There is no legal reason that occurs to us why the corporation could not cause the road to be fenced, although it was being operated by a receiver. A receiver could only have control of the road for the use of the corporation, that is to say, to apply the income to the debts of the corporation.

There being no exception in the statute in favor of corporations whose roads happen to be placed in the hands of a receiver, we see no ground on which such exception could be properly interpolated into it.

But the 4th section of the act of *March*, 1863, (1 G. & H. sup. 187,) which act is set out at large in the case above cited from 20th Ind., provides in express terms that such action may be brought against the railroad, whether the same was being run by the company, or by a lessee, assignee, receiver,

or other person in the name of such company. It is objected, however, that this section is unconstitutional, as being a special regulation of practice in Courts of justice. It does not seem to us that the objection is well founded, but this question is unimportant, and need not be determined, inasmuch as if the section were stricken out, the plaintiff would be entitled to recover by virtue of the old law.

*Per Curiam.*—The judgment below is reversed, with costs, and the cause remanded for a new trial.

*Geo. B. Fitch*, for the appellant.

*Theodore Gazlay* and *Carter Gazlay*, for the appellee.