## THE INDIANAPOLIS AND MADISON RAILROAD COMPANY v. SOLOMON.

RAILROAD COMPANIES—INJURY TO ANIMALS.—Where animals are killed by the train of another corporation, running in its own name and in its own behalf, and under its control, over a part of the track of the defendant, the owner of the road, under a contract for that purpose between the two corporations, the company owning the road is liable under the statute.

JURISDICTION.—In local actions, where the court was competent to entertain the questions involved, objection to the jurisdiction will be deemed waived unless taken by demurrer or answer.

APPEAL from the *Marion* Common Pleas.

FRAZER, J.—This was a suit to recover for animals killed by cars running upon the railroad of the appellant, the same not being securely fenced. The principal question arises upon the evidence, from which it appears that the injury was done by a train of another corporation, running in its own name and behalf, and controlled by it, over a part of the appellant's road, in pursuance of a contract for that purpose between the two corporations.

It is contended that the act (Sess. Laws, 1863, p. 24) only makes the corporation liable for such injuries occasioned by the trains of a lessee, when such lessee uses the road in the corporate name of the company which owns the road. As the law stood before the passage of that act, the company owning the road could be sued. The mischief was that the roads of many insolvent corporations were in the hands of receivers, assignees, lessees, or others, who were operating the same in the corporate name, and killing stock; and in such cases a judgment against the corporation could never be collected. To remedy this mischief, the first section of the act of 1863 makes the party so operating the road in the corporate name, jointly and severally liable with the company which owns the road. The second section is but a useless re-enactment of the old law, as to the liability of the company for such injuries, in

*all* cases where they are caused by trains used on the road. It employs almost the exact language of the act of 1859, and such changes as are made in phraseology do not improve it. 1 G. & H. 522. Indeed, if the appellant is correct in the construction to be placed upon the second section, it would inevitably follow that the act of 1859 is still in force; for then the two acts would not be inconsistent with each other, and the latter would not repeal the former. It is needless, therefore, for us to construe the section.

The court, over the defendant's objection, admitted evidence that the plaintiff was ignorant of the terms of the contract between the two railroad companies. This is assigned for error. We incline to the opinion that the evidence was immaterial, but surely it could not, in this instance, prejudice the rights of the defendant, and it would be therefore improper to reverse the case on that ground.

Demurrers were overruled to several paragraphs of the complaint. They do not allege that the animals were killed in *Marion* county. The demurrers make no objection to the jurisdiction of the court. Can this objection, then, be taken for the first time in this court, and made available? Surely not. The parties submitted to the jurisdiction, the subject of the action was within the jurisdiction, and the statute expressly provides that the objection shall be deemed waived, (2 H. & G. 81, sec. 54,) and besides, the fact was proved, as appears from the bill of exceptions. Language is used, in the opinion of this court, in *The Indianapolis, etc. Railroad Company* v. *Renner*, 17 Ind. 135, which conveys an erroneous view of the law, and we think, upon careful consideration, that that case, and *The Indianapolis, etc. Railroad Company* v. *Wisley*, 20 Ind. 229, do not announce a principle applicable to courts of general jurisdiction. The statute makes the action local, and requires suit to be brought in the county where the injury was committed. But the want of jurisdiction because the action is local, and has been brought in the

wrong county, and the want of jurisdiction because the court has no power and authority to adjudicate upon the *subject* involved in the action, are two very different things. In the latter case it was always and necessarily the rule of law that the consent of parties could not confer jurisdiction, for the reason that in any event the court was not by law deemed competent to be intrusted with the question, and therefore its proceedings would be *coram non judice*, and utterly void, and the parties could not by agreement give faculties to the court which the law had withheld. But where the court was by law competent to entertain the question involved, and was only deprived of jurisdiction because the action was local, and required to be brought in another county, it was always held that the objection could be waived. Tidd, 9th ed., 606; Co. Lit. 125*b*, 126*a*, note 1. Our code (sec. 54) providing that the objection to the jurisdiction shall be deemed waived, unless taken by demurrer or answer, except where the court has no jurisdiction over the *subject*, was adopted in view of the common law, and changes the rule previously existing, which required the waiver of objection to the jurisdiction, on account of the venue, to appear of record affirmatively. 1 Chit. Pl. 268.

Judgment affirmed, with three per cent. damages and costs.

*Thomas A. Hendricks* and *Oscar B. Hord*, for appellant.
*John T. Dye* and *A. C. Harris*, for appellee.

The counsel for the appellant argued: *First.* A railroad company is not responsible for the negligence of another railroad company, its lessee. *Schuler* v. *The Hudson River Railroad Co.*, 38 Barb. 653 ; *Fletcher* v. *Boston and Maine Railroad Co.*, 1 Allen, 9; *Murch* v. *Concord Railroad Co.*, 9 Foster, 9; *Winterbottom* v. *Wright,* 10 Meeson & Welsby, 109; *Weyant* v. *New York, etc. Railroad Co.*, 3 Duer, 360; *McKinney* v. *The Ohio and Mississippi Railroad Co.*, 22 Ind. 99.

The same is the rule as to the assignor of a ferry license. *Felton* v. *Deall,* 22 Verm. 170; *Biggs* v. *Ferrell,* 12 Ired. 1; *Ladd* v. *Chotard,* 1 Ala. 366; *Blackwell* v. *Wisewell,* 24 Barb. 355.

A city is not responsible for the acts of negligence of a contractor or his employees, where the contractor is exercising a distinct employment, to do work by a special contract, for a stipulated sum, and does not interfere with

The Indianapolis and Madison Railroad Company *v.* Solomon.

the mode of performance.  *Pack* v. *The Mayor, etc. of New York*, 4 Selden, 222; *Blake* v. *Ferris*, 1 Selden, 48; *Kelly* v. *The Mayor, etc. of New York*, 1 Kernan, 422; *Clark* v. *Fry*, 8 Ohio St. Rep. 538; *Painter* v. *The City of Pittsburg*, 12 Am. L. Reg. 350.

*Second.* The statute only renders the lessor liable for stock killed or injured by the lessee, where the lessee is running or controlling the road in the corporate name of the lessor.

The law giving compensation for stock killed or injured by railroads, "without regard to the question whether such killing or injury was the result of willful misconduct or negligence, or the result of unavoidable accident," is not intended for the protection of adjoining proprietors or owners of stock, but is sustained upon the ground that it is a police regulation, designed for the protection of persons and property passing upon the road.    *The Indianapolis, etc. Railroad Co.* v. *Townsend*, 10 Ind. 38; *The Indianapolis, etc. Co.* v. *Snelling*, 16 Ind. 435; *The New Albany, etc. Company* v. *Tilton*, 12 Ind. 3; *The New Albany, etc. Co.* v. *Maiden, Id.* 11; *The Toledo, etc. Railroad Co.* v. *Fowler*, 22 Ind. 316; *The Indianapolis, etc. Co.* v. *Kercheval*, 16 Ind. 84.

The judgment is in the nature of a penalty imposed upon companies for the benefit of the public, and not to compensate the owner of the stock for his loss; the statute, therefore, does not apply to cases not *clearly* within its provisions.    *The Indianapolis, etc. Railroad Co.* v. *Kinney*, 8 Ind. 402; *The Toledo, etc. Railroad Co.* v. *Fowler*, 22 Ind. 316, and the cases cited *supra.*

The *first* section (Acts 1863, p. 25) provides: "That *lessees, assignees, receivers, and other persons,* running or controlling any railroad *in the corporate name of such company,* shall be liable, jointly or severally, with such company for stock killed or injured by the locomotives, cars, or other carriages *of such company,* to the extent and according to the provisions of this act."

Who are to be liable according to the provisions of this act, and how? The *lessees, assignees, receivers, and other persons,* running a road *in the corporate name of the company,* are liable with the company for stock killed by the cars of the company, and may be sued with the company or alone.

The liability is only upon the company, and those running the road in *her name;* no construction will permit it to be extended further.

The *second* section provides: "That whenever animals shall be, or shall have been killed or injured by the locomotives, cars, or other carriages used on any railroad in, or running into or through this state, whether the same may be or may have been run and controlled *by the company or by the lessee, assignee, receiver, or other person,* the owner thereof may go," etc.

It provides then that the injured party may file a complaint before the justice of the county where the injury was inflicted, and the justice shall fix a day for the hearing, and "cause at least ten days' notice to be served on *the railroad company*," by service on "any conductor of any train passing into or running through said county."

The language as to the parties liable is a repetition of that used in the first section, and has reference to the same class of cases; but *the* is prefixed to the persons who are running the road for the company.

The *first* provides that certain parties shall be liable for stock killed or injured; the *second* provides the remedy against those parties. It is against the company, and *"the* lessee, assignee, receiver, or other person."

The lessee, assignee, receiver, or other person, is the same mentioned in the first section; in other words, the company and the person, whoever he may be, running the road in the name of the corporation.

Who is *"the* lessee, assignee, or other person" mentioned in the second section? It is not a reference to any lessee, assignee, receiver, or other person generally, but it is particular and definite; evidently it is *the* lessee mentioned in the first section, the person running and controlling the road in the name of the corporation. This construction is still further borne out by the *fourth* section.

It provides: "The action may, in *all cases contemplated by this act,* be brought against the railroad as defendants, whether the same is or was run by the company, or *a lessee, assignee, or other person in the name of such company."*

Here we have the same language and qualification used in the first section, and a legislative exposition of the scope of the act.

In *all* cases contemplated by the act, the action may be brought against the company or the lessee, etc., running the road in its name.

*Third.* The complaint does not show that the stock was killed in *Marion* county. This averment was necessary to give the court jurisdiction. *The Indianapolis, etc. Company* v. *Renner,* 17 Ind. 135; *The Indianapolis, etc. Co.* v. *Wilsey,* 20 Ind. 229. Objections to the sufficiency of the complaint may be made for the first time on appeal. *Reveal* v. *Conner,* 21 Ind. 289; notes *a* and *b,* 2 G. & H. 82. A jurisdictional question may be raised on appeal. *The Indianapolis, etc. Co.* v. *Brucey,* 21 Ind. 215; *White* v. *Calinan,* 19 Ind. 43. If a statute create a new offense or cause of action, and provide that a particular tribunal shall take cognizance of it, no other court can enforce the law. *Aldrich* v. *Hawkins,* 5 Blackf. 125; *The Evansville, etc. Railroad Company* v. *Ross,* 12 Ind. 446; *The Toledo, etc. Railroad Company* v. *Hibbert,* 14 Ind. 509; *The Indianapolis, etc. Railroad Company* v. *Kercheval,* 16 Ind. 84.

Similar to this in principle is the rule that where a work of public character is authorized by an act of the legislature, and the act specifically prescribes a mode of obtaining compensation for private property to be taken for its construction, such compensation must be sought by the way pointed out by the act, and not otherwise. *Kimble* v. *The Whitewater Valley Canal Company,* 1 Ind. 285; *Null* v. *The Whitewater, etc. Company,* 4 Ind. 431; *Conwell* v. *The Hagerstown, etc. Company,* 2 Ind. 588; *The Lafayette, etc. Company* v. *Smith,* 6 Ind. 249; *The New Albany, etc. Company* v. *Connelly,* 7 Ind. 32; *The Indiana, etc. Company* v. *Oakes,* 20 Ind. 9; *Green* v. *Boody,* 21 Ind. 10.

Whenever courts of general jurisdiction exercise a special and statutory authority, their proceedings stand on the same footing with those of courts of limited and inferior jurisdiction. *McCarty* v. *The State,* 16 Ind. 310.