The Toledo, Wabash and Western Railway Company *v.* Milligan.

---

# The Toledo, Wabash and Western Railway Co. *v.* Milligan.

Jurisdiction.—*Railroad.*—*Injury to Animals.*—*Action Under Statute.*—*Practice.*—In an action, under the statute, against a railroad company, to recover for the killing or injuring of animals by a passing train, the complaint should aver that the animals were killed or injured in the county where the action is brought. If such averment be omitted, the objection to the complaint may be raised by answer or by demurrer assigning want of jurisdiction, but not by demurrer assigning failure to state facts sufficient. If the question of jurisdiction be not so raised, it is not waived, but the objection may be raised by motion in arrest of judgment. The failure to prove such fact is not a ground for a motion in arrest of judgment.

Same.—*Railroad.*—*Action as at Common Law.*—An action against a railroad company, based on its common law liability for negligently killing or injuring animals, is a transitory action, and may be brought in any county through which the railroad passes.

ARREST OF JUDGMENT.—A motion in arrest of judgment calls in question the sufficiency of the entire complaint, and ought to be overruled if there be any good paragraph in the complaint sufficient to support the verdict or finding.

PRACTICE.—*Motion for Judgment on Special Findings.*—Where the special findings of a jury, in answer to interrogatories, do not embrace and cover all the issues, and are not inconsistent with a general verdict rendered for the plaintiff, as to issues not covered by them, the defendant will not be entitled to judgment thereon, though they be inconsistent with the general verdict as to the issues covered by them.

NEGLIGENCE.—*Railroad.* — *Injury to Animals.* — The owner of horses left them in a pasture adjoining a railroad which was securely fenced, and went to another state, not leaving any person to look after the horses, which went upon the railroad track, through a gate which had been recently left open by trespassers, and the horses were negligently injured by a passing train.

*Held*, that the owner of the horses was not guilty of contributory negligence.

SAME.—Upon the approach of the railroad train to said horses, they ran along the side of the track a long distance, and were forced upon the track by an embankment, and were driven into a bridge, and some of them were injured by the train, its speed not having been diminished, but having been increased; and the remaining horses were injured on the bridge by another train which followed in a few minutes, the engineer of which did not discover the horses until he was near them, though the conductor jumped off the train, and the fireman deserted his post, and when the signal was given there was no person to apply the brakes.

*Held*, that the railroad company was guilty of negligence.

ASSIGNMENT OF ERROR.—On appeal to the Supreme Court, an assignment of error that the damages are excessive is a nullity.

From the Huntington Circuit Court.

*W. Z. Stuart, J. R. Coffroth, C. B. Stuart* and *T. A. Stuart*, for appellant.

BUSKIRK, J.—This was an action by the appellee against the appellant to recover the value of certain horses alleged to have been killed and injured upon the road of the appellant.

The complaint was in three paragraphs. The first was under the statute. The second alleged that the horses were negligently killed and injured. The third is the same as the second, except it alleges that the accident occurred on Sunday.

The appellant demurred to each paragraph of the complaint for the want of sufficient facts. The demurrers were overruled, and exceptions taken.

There were issue, trial by a jury, and verdict for the appellee.

The appellant moved in arrest of judgment, upon the ground that it was not alleged in the complaint nor proved on the trial that the animals were killed or injured in the county where the action was brought, which motion was overruled. This ruling is assigned for error, and presents for decision the first question arising in the record.

It was held in *The Indianapolis, etc., R. R. Co.* v. *Renner*, 17 Ind. 135, and in *The I. & C. R. R. Co.* v. *Wilsey*, 20 Ind. 229, that in an action under the statute to recover the value of animals killed, the complaint should aver that they were killed in the county where the action was brought, and that before the plaintiff could recover, the proof must establish such fact.

In *The I. & M. R. R. Co.* v. *Solomon*, 23 Ind. 534, it was held that the complaint should aver that the animals were killed in the county where the action was commenced; but it was further held, that unless the question of jurisdiction was raised by demurrer or answer, it was waived, and the two cases cited above were on this point overruled.

In *Jolly* v. *Ghering*, 40 Ind. 139, the above cases were cited with approval.

In *Loeb* v. *Mathis*, 37 Ind. 306, it was held that the question of jurisdiction was not waived by failure to raise such question by demurrer or answer, but that it might be raised by a motion in arrest of judgment.

It is firmly settled, not only by the express language of the statute, but by the above cases, that an action under the statute must be commenced in the county where the animals were killed or injured. See sec. 2, 3 Ind. Stat. 414.

According to the ruling in the cases of *The I. & C. R. R. Co.* v. *Renner* and *The I. & C. R. R. Co.* v. *Wilsey, supra,* the objection might be raised by motion for a new trial for

a failure of proof; but according to the ruling in *The I. & M. R. R. Co.* v. *Solomon, supra,* the objection was waived unless raised by demurrer or answer.

The demurrer was for the want of sufficient facts, and therefore raised no question as to jurisdiction. The answer did not attempt to raise the question of jurisdiction. But according to the ruling in *Loeb* v. *Mathis, supra,* the question is raised by the motion in arrest of judgment.

In *The I. & M. R. R. Co.* v. *Solomon, supra,* a distinction is drawn between the jurisdiction of the court over the subject of the action, and the want of jurisdiction because the action is local and is brought in the wrong county, and it was held that the failure to raise the question of jurisdiction over the subject by demurrer or by answer did not waive it, but the failure to so raise the question by reason of the action being local did amount to a waiver. But in *Loeb* v. *Mathis, supra,* such distinction was overruled, and both classes of actions were placed upon the same ground.

The rule, as applicable to the case in judgment, may be stated thus: In an action under the statute, the complaint should aver that the animals were killed or injured in the county where the action is brought. If the complaint omits such averment, the objection may be raised by demurrer, assigning therefor want of jurisdiction, or by answer; but the failure to so raise it will not amount to a waiver, and the question may be raised by a motion in arrest of judgment or by an assignment of error in this court that the court below did not possess jurisdiction of the subject-matter of the action. If, however, the complaint contains such averment, but the fact is not proved on the trial, the remedy is not by a motion in arrest in the court below or by an assignment of error in this court. The proper remedy is by a motion for a new trial, upon the ground that the finding or verdict is not supported by sufficient evidence. It is a failure of proof, for whatever must be averred must be substantially proved.

As we have seen, the first paragraph of the complaint is

based upon the statute, which gives a new and extraordinary remedy, and declares that the action must be commenced in the county where the animal is killed or injured. That paragraph failed to allege where the animals were killed or injured, and therefore would have been bad on demurrer.

The second and third paragraphs of the complaint proceeded upon the common law liability, and were transitory actions, and might be brought in any county through which such road passed. It is firmly settled that a motion in arrest of judgment ought to be overruled if there is a good paragraph in the complaint sufficient to support the verdict or finding. A several demurrer challenges the sufficiency of each paragraph, while a motion in arrest calls in question the sufficiency of the entire complaint. Buskirk's Prac. 172. The motion in arrest was properly overruled.

The jury returned answers to interrogatories. The appellant moved for judgment thereon, but the motion was overruled and an exception entered.

The appellant moved for a new trial. The only valid reasons assigned therefor are, that the verdict is not sustained by sufficient evidence, and is contrary to law. The motion was overruled.

The errors assigned are:

1. That the court erred in overruling the demurrers to each paragraph of the complaint.

2. That the court erred in overruling the motion in arrest of judgment.

3. That the court erred in overruling the motion for judgment on the special findings notwithstanding the general verdict.

4. That the court erred in overruling the motion for a new trial.

We have already seen that the demurrer to the first paragraph of the complaint did not raise the question of jurisdiction. In all other respects that paragraph was good. The second and third paragraphs were unquestionably good.

We have seen that the court committed no error in over-ruling the motion in arrest of judgment.

The interrogatories were exclusively confined to the cause of action set out in the first paragraph of the complaint, and we think the answers thereto showed that the plaintiff was not entitled to recover upon the first paragraph of the complaint. The special findings were inconsistent with the general verdict so far as they were based upon the first paragraph, but were not inconsistent with the general verdict so far as it proceeded upon the second and third paragraphs of the complaint. The special findings do not embrace and cover all the issues in the cause, and hence do not exclude every conclusion that will authorize a recovery for the plaintiff. The motion for judgment thereon was properly over-ruled. Buskirk's Practice, 216, 217.

The verdict cannot be said to be contrary to law. There was no exception taken to the admission or exclusion of evidence or to the instructions given by the court. The only remaining question is whether the verdict is sustained by sufficient evidence. It is claimed by the appellant that the evidence fails to show that the appellee was without fault. We do not think so. The only fault attributed to the plaintiff is, that he left home without leaving any person on his farm to look after his horses and went to the State of Kentucky. His horses were left in the pasture. The track of the railroad was securely fenced. There were four gates between the track of the railroad and the field where the horses were pasturing. The gates were left open after 5 o'clock, P. M., by some trespassers, who passed through the gates going fishing, and the horses were injured and killed between 8 and 9 o'clock of that night. We think the plaintiff was not guilty of any negligence which contributed to the injury. Was the appellant guilty of negligence? It is shown by the evidence that two freight trains passed close together. The first train came up to four horses belonging to the appellee a half mile east of the bridge. The horses ran by the side of the track until they got within about two

hundred yards of the bridge, when by reason of an embankment they were forced on the track, and two of them were driven into the bridge and were struck by the engine and knocked off. The engineer is chargeable with knowledge of the embankment and bridge, and instead of stopping his train or diminishing its speed, he put on additional steam and increased its speed. The second train came along in a few minutes and knocked the other horses off the bridge. There is less evidence of negligence on the part of the engineer of the second train than of the first, as he did not discover the horses until he was close upon them. But the conductor of the second train jumped off the train, and the fireman deserted his position and ran back on the train. When the engineer blew down brakes, there was no one to respond. A new trial was not asked upon the ground that the damages were excessive. It is assigned for error that they were excessive, but the assignment is a nullity. If a new trial had been asked upon that ground, it would have given the court below the opportunity of granting relief; but if the motion had been overruled, the question would have been presented for review in this court by an assignment of error that the court had erred in overruling the motion for a new trial.

In the condition of the record, we cannot examine the question of damages. There is enough evidence of negligence in the record to support the verdict.

The judgment is affirmed, with costs.

### On petition for a rehearing.

BUSKIRK, J.—It is earnestly insisted by the learned counsel for appellant, in a petition for a rehearing, that we erred in holding that the failure to allege in the first paragraph of the complaint that the horses were injured and killed in the county of Huntington, where the action was brought, presented a question of the jurisdiction of the court over the subject of the action. It is claimed, in argument,

that it was a question of fact going to make up the appellee's right to recover, and hence, was reached by a demurrer assigning an insufficiency of facts.

*Loeb* v. *Mathis*, 37 Ind. 306, was a local action. The complaint did not allege that the trespass complained of was committed in the county where the action was brought. The objection was not raised by demurrer or answer. But a motion in arrest of judgment was made and overruled, and this ruling was assigned for error. It was expressly held that it raised the question of whether the court possessed jurisdiction over the subject of the action. That case was decided by the late judges of this court, and a petition for a rehearing was, after full argument, overruled by the court as at present constituted.

The ruling in that case has been expressly followed in two subsequent cases. *Stanford* v. *Stanford*, 42 Ind. 485; *Lindsay* v. *Lindsay*, 47 Ind. 283. That was an action of trespass to real estate, which, under the statute, had to be commenced in the county where the land was situated. If it was a question of jurisdiction in that case, it must be a question of jurisdiction in the case in judgment, for both of the actions are local in their character. Causes of demurrer must conform to the specifications of the statute. The specifications in the statute as to grounds of demurrer are separate and independent, and the causes assigned in the demurrer should conform thereto. If the pleading to which the demurrer is addressed is not subject to demurrer for the cause assigned, it must be overruled, although it is demurrable upon other grounds. Buskirk's Practice, 180, and the numerous authorities there cited. It results that a demurrer assigning for cause a want of sufficient facts presents no question as to the jurisdiction of the court over the subject of the action.

The petition is overruled.