Board of Commissioners of the County of Montgomery v. Miller.

---

No. 9574.

## BOARD OF COMMISSIONERS OF THE COUNTY OF MONTGOMERY v. MILLER.

HARMLESS ERROR.—*Pleading.*—*Practice.*—Where a cause has been tried upon agreement to admit all defences without pleading them, the action of the court in striking out a paragraph of answer is not available error.

Board of Commissioners of the County of Montgomery *v.* Miller.

TRESPASS.—*Gravel Roads.*—Where a county, in constructing a free gravel road under the act of 1877, Acts 1877, p. 87, without agreement or condemnation, as the act provided, entered upon lands and took gravel, the county was liable as a trespasser.

EMINENT DOMAIN.—*Remedy.*—Where private property is taken for public use without compensation, and no other remedy is given to the owner, he has the common-law remedy by suit for the injury.

From the Montgomery Circuit Court.

*G. D. Hurley* and *B. Crane,* for appellant.

*G. W. Paul* and *J. E. Humphries,* for appellee.

FRANKLIN, C.—Appellee filed a claim against appellant for gravel, and for damages for removing the same from her realty, in the sum of $277.

The board of commissioners allowed her $60; she appealed to the circuit court, where appellant filed an answer in two paragraphs; the second was struck out on motion, leaving the general denial in. There was a trial by the court; finding for the appellee in the sum of $159.52, after deducting $117.48, previously paid for the gravel; and, over a motion for a new trial, judgment was rendered for appellee for the amount found. The case was tried under an agreement, made in open court, that all defences, either legal or equitable, including set-off, might be given in evidence, without pleading the same; that defendant was to have a credit for the sum of $117.48, and that the amount allowed plaintiff should not be less than that sum.

The errors assigned are:

"1st. The striking out of the second paragraph of the answer.

"2d. Overruling the motion for a new trial."

The second paragraph of the answer attempted to set up as a defence a former allowance and payment of the said $117.48, the value of the gravel, to one John M. Miller, the husband of appellee, for the use of appellee.

There was no error in striking out this paragraph; if there had been, it would have been a harmless error, being cured by the agreement to give everything in evidence that could be

legal testimony under any state of pleading. And the agreement allowed appellant the $117.48, all that it claimed as having been paid. But the allowance of the claim could not bar another claim in favor of another person.

The same ruling is also stated as the third reason for a new trial, and need not be further noticed under that head.

The first reason for a new trial is, that the finding is not sustained by sufficient evidence. The evidence as given clearly tends to support the finding, and there was no error in overruling the motion for that reason.

The fifth reason for a new trial is for error in admitting the testimony of Charles W. White and others, upon the subject of the damages caused by the removal of the gravel.

The gravel was taken in the construction of a free gravel road, being built by the county, under the act of March 3d, 1877, and appellant insists that the county was not liable to pay for the gravel or damages caused by its removal, without a special contract made with the board of commissioners, or under proceedings for condemnation as provided for by the said act. And the reasons stated for the objection are, " that the testimony was irrelevant and incompetent, and was not based upon the legal or proper measure of damages, and that the county was not liable for damages of this kind." There were no objections made to the form of the questions or answers.

The 11th section of the act of March 3d, 1877, Acts 1877, p. 87, provides that the board of commissioners shall have power to contract for, and purchase such stone, gravel or other material as may be necessary for the construction and keeping in repair of such road; and if the commissioners and the owners of such stone, gravel or other material, can not agree on a price deemed fair and reasonable, the commissioners may apply to the judge of the circuit court of the county to appoint appraisers to assess the value of such stone, gravel or other material. It then provides for an appeal from such assessment.

Under this act if the county, through its commissioners, in the construction of a free gravel road, causes its agents and servants to enter upon the lands of any person outside of the right of way for the road, and remove gravel therefrom, without first having contracted for the same, or having it condemned as provided for by the act, it becomes a trespasser and liable for damages done thereby. The act provides for the commissioners to have the appraisers appointed and not for the owners of the land to have it done.

The testimony in the case shows that no contract was made for the gravel or its removal, and no proceedings were had for its condemnation. The only thing said about it was, that appellant's engineer represented to appellee's husband, that the county would pay for the gravel at six cents per cubic yard, according to his estimate.

We think under the facts of the case the county is liable for damages, that the testimony objected to is not irrelevant or incompetent, and there is no error in overruling the objection to its introduction.

But it is insisted that where private property is taken for public use under authority of a law which pointed out the mode in which compensation should be made therefor, that mode and no other should be pursued. And in support thereof we are referred to the following authorities: *Kimble* v. *White Water Valley Canal Co.*, 1 Ind. 285; *Conwell* v. *Hagerstown Canal Co.*, 2 Ind. 588; *Null* v. *White Water Valley Canal Co.*, 4 Ind. 431; *Lafayette, etc., R. R. Co.* v. *Smith*, 6 Ind. 249; *McCormack* v. *Terre Haute, etc., R. R. Co.*, 9 Ind. 283; *Indiana, etc., R. W. Co.* v. *Oakes*, 20 Ind. 9.

True, this court has so held in each of said cases, and in each thereof provision was made by the statute under which the acts were done which were complained of, for the owner of the premises damaged to institute proceedings and recover the damages.

But, in the statute under consideration, no such provision is made; there is no provision for the owner of the premises

to have the damages assessed, and there is no statutory mode prescribed by which he can recover his damages. It certainly can not be established as a rule in such cases, that where the board of commissioners fails to purchase or to make an agreement for the property, or to take any statutory steps to have the damages assessed, the owner of the damaged premises is without any remedy³ at common law.

We think where the statute has provided no remedy for the injured party, the common-law remedy prevails.

The constitutional provision, requiring conpensation to be first made, may be waived, and a common-law remedy enforced. *Graham* v. *Columbus, etc., R. W. Co.,* 27 Ind. 260; *Graham* v. *Çonnersville, etc., R. R. Co.,* 36 Ind. 463 (10 Am. R. 56); *Cox* v. *Louisville, etc., R. R. Co.,* 48 Ind. 178; *Anderson, etc., R. R. Co.* v. *Kernodle,* 54 Ind. 314. The later cases appear to sanction a common-law remedy notwithstanding a statutory one has been provided.

There was no error in overruling the motion for a new trial. The judgment below ought to be affirmed.

Per Curiam.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and the same is in all things affirmed, with costs.