## The Evansville and Crawfordsville R. R. Co. v. Epperson.

RAILROAD.—*Killing Stock.—Pleading.—Evidence.—Jurisdiction.*—In an action under the statute, 1 R. S. 1876, p. 751, against a railroad company, to recover damages for killing or injuring stock, the plaintiff must allege in his complaint, and prove on the trial, as a jurisdictional fact, that the injury complained of occurred within the county wherein such action is commenced.

From the Gibson Circuit Court.

*J. E. McCullough* and *J. W. Ewing,* for appellant.

*W. M. Land,* for appellee.

HOWK, J.—The appellee, as plaintiff, sued the appellant, as defendant, before a justice of the peace of Gibson county, to recover damages for the killing of appellee's cow by the appellant.

Appellee alleged in his complaint, in substance, that, on or about the 29th day of October, 1874, the appellant, by its agents and employees, was running its locomotive and train of cars, over and along its line of railroad, in said Gibson county; that said locomotive and train of cars, while being so run, then and there " struck, run over and killed a cow," belonging to the appellee, of the value of fifty dollars; and " that, at the time and place when and where said cow entered upon said railroad, and was killed as aforesaid, said railroad was not securely fenced in, and such fence properly maintained, by said company. Wherefore," etc.

The trial of the cause before the justice resulted in a finding and judgment in favor of the appellee, and against the appellant, for forty dollars and costs, from which judgment the appellant appealed to the court below. The cause was there tried by the court, without a jury, and a finding made in favor of the appellee, and against the appellant, for the sum of forty dollars; and the appellant's motion for a new trial having been overruled, and its exception saved to this decision, judgment was rendered

by the court below on its finding, from which judgment the appellant now prosecutes this appeal.

In this court, the only error assigned by the appellant is the decision of the court below, in overruling the appellant's motion for a new trial of this action. The causes for such new trial, assigned by the appellant in its motion therefor, were as follows:

" 1.   The finding of the court is contrary to law ;

" 2.   The finding of the court is contrary to the evidence ;

" 3.   The finding of the court is not sustained by the evidence ; and,

" 4.   The damages assessed in the finding are excessive."

The principal question presented for our consideration by the record of this cause, and the appellant's assignment of error thereon, is this : Is the finding of the court below in this action sustained by sufficient evidence? The appellee brought his action under the statute, and he averred in his complaint the facts which were necessary to give the justice of the peace before whom he sued jurisdiction of his suit, and to entitle him to the relief he demanded.

Under the provisions of section 2 of " An act to provide compensation to the owners of animals killed or injured by the cars, locomotives, or other carriages of any railroad company in this State," etc., approved March 4th, 1863, the appellee could only bring his action for the alleged killing of his cow by the appellant's locomotive and cars, " before some justice of the peace of the county in which such killing * * * occurred," or in the circuit court of such county.  1 R. S. 1876, p. 752.  When, therefore, the appellee filed his complaint against the appellant, in this action, for the alleged killing of his cow, before a justice of the peace of Gibson county, it was imperatively necessary that he should allege in his complaint the jurisdictional fact, that such killing of his cow oc-

curred in Gibson county. The action is not transitory, but, by the express terms of the statute, it is made local to the county in which the killing occurred. In this case, the appellee made the proper averment in his complaint, that the killing of his cow occurred in Gibson county; but, on the trial of his cause in the court below, he utterly failed to introduce any evidence tending to show that his cow was killed in Gibson county. It was just as essential that he should prove this jurisdictional fact on the trial, as that he should prove the killing of his cow in the manner alleged, or that appellant's railroad was not securely fenced in, or that such fence was not properly maintained by the appellant. This point is expressly made by the appellant's counsel in their argument of this cause in this court, and we think it is well made. *The Indianapolis, etc., R. R. Co.* v. *Renner,* 17 Ind. 135; *The Indianapolis, etc., R. R. Co.* v. *Wilsey,* 20 Ind. 229; and *Jolly* v. *Ghering,* 40 Ind. 139.

Other objections are made in argument to the sufficiency of the evidence to sustain the finding of the court below; but these objections we need not pass upon, as the conclusion we have reached, on the point already considered, will necessarily bring about a new trial of this cause.

For the reasons given, the court below erred, in our opinion, in overruling the appellant's motion for a new trial.

The judgment is reversed, at the appellee's costs, and the cause is remanded for a new trial.

Petition for a rehearing overruled.