The Louisville, New Albany and Chicago R. W. Co. v. Breckenridge.

---

THE LOUISVILLE, NEW ALBANY AND CHICAGO R. W. Co., v. BRECKENRIDGE.

JUSTICE OF PEACE.—*Verdict for Over Two Hundred Dollars.—Remittitur.* —*Jurisdiction.*—In an action originating before a justice of the peace, wherein the amount demanded was less than two hundred dollars, the jury trying the cause in the circuit court, on appeal, found a verdict for more than two hundred dollars, whereupon the party recovering remitted all damages in excess of the amount demanded, and judgment was rendered, for the residue.

The Louisville, New Albany and Chicago R. W. Co. *v.* Breckenridge.

*Held,* that the verdict did not oust jurisdiction, and that the remittitur and judgment were proper.

RAILROAD.—*Killing Stock.*—*Evidence.*—*Venue.*—*Jurisdiction.*—In an action under the statute, against a railroad company, for killing stock, the evidence must affirmatively show, either directly or by inference, that the stock was killed within the county where the action was brought.

From the White Circuit Court.

*A. W. Reynolds* and *E. W. Sellers,* for appellant.

WORDEN, J.—This was an action brought by the appellee, against the appellant, before a justice of the peace, to recover damages for the killing of animals by the engine and cars of the defendant upon its road, the same not being properly fenced.

The complaint before the justice alleged the value of the animals to be one hundred and ninety-nine dollars and ninety-nine cents, and claimed damages in that sum.

The plaintiff recovered before the justice, and the defendant appealed to the circuit court. In the latter court the cause was tried by a jury, who found a verdict for the plaintiff in the sum of two hundred and seven dollars, and the plaintiff having remitted all of the verdict, except one hundred and ninety-nine dollars and ninety-nine cents, judgment was rendered for the plaintiff for that amount.

The appellant objects that the court below had no jurisdiction, because the jury rendered a verdict for more than the amount of which the justice had jurisdiction, viz., two hundred dollars. The amount demanded before the justice furnished the criterion by which to determine his jurisdiction. *Pate* v. *Shafer,* 19 Ind. 173; *Mitchell* v. *Smith,* 24 Ind. 252. While the plaintiff could not recover, on appeal, more than the amount over which the justice had jurisdiction, yet the fact that the jury found a larger sum in his favor than he had demanded, and larger than the jurisdiction of the justice, does not render the proceeding void for want of jurisdiction.

The plaintiff demanded a sum within the jurisdiction of the justice. The justice therefore had jurisdiction. The plaintiff could not, on appeal, recover more than the sum over which the justice had jurisdiction. The excess only of the verdict was void, and this was properly remitted, and judgment rendered only for the sum demanded.

Upon a motion for a new trial, two points were made, viz., that the evidence does not show that the animals were killed by the engine or cars of the defendant; and, second, that it does not appear that they were killed in White county.

We are inclined to the opinion that there was enough in the evidence to justify the inference that the animals were killed by the engine and cars of the defendant; but we do not find any evidence that they were killed in White county.

The only evidence as to venue was the following:

The plaintiff testified, that, on the night of the 10th of May, 1876, he had ten head of cattle killed and crippled. Ten died from the injuries, and one crippled did not die. It was about three miles south of New Bradford, on the south side of the track, on railroad running through Reynolds and Bradford.

L. Kellenberger testified: " I saw the plaintiff's cattle two or three miles south of Bradford, in May, 1876. They were lying on each side of the railroad, at each end of the trestle-work, from six to eight feet from the road," etc.

We can not say what New Bradford the witness had reference to, or judicially know that a point about three miles south of New Bradford was in White county. The evidence on this point was clearly insufficient. The evidence should have shown that the animals were killed in White county, as the point was jurisdictional. *The Evansville, etc., R. R. Co. v. Epperson*, 59 Ind. 438.

The judgment below is reversed, with costs, and the cause remanded for a new trial.