The Louisville, New Albany and Chicago Railway Company *v.* Kious.

No. 9799.

## THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY *v.* KIOUS.

CONTINUANCE.— *Witness.— Diligence.—Practice.*—Where an affidavit for a continuance, on account of an absent witness, shows that the applicant knew that the attendance of the witness could not be secured, but took no steps to secure his deposition, the application should be refused, for failure to show due diligence.

SAME.—*Deposition of Witness.*—Where a party can obtain the deposition of a witness whose personal attendance he knows can not be secured at the term of court at which the cause is set for trial, it is his duty to cause his deposition to be taken.

RAILROAD.— *Killing Stock.— Venue.— Evidence.*—In an action, under the statute, against a railroad company for killing stock, the plaintiff must allege and prove the county in which the stock was killed ; but it is not necessary that the proof be made by direct or positive testimony; it will be sufficient if facts are proved from which it can be reasonably inferred.

SAME.—*Complaint.—Duty to Fence.*—In such action it is not necessary to allege in the complaint that the company was bound to fence the railroad at the place where the stock was killed. If not obliged to fence where the injury occurred, it may be shown as matter of defence.

From the Carroll Circuit Court.

*A. W. Reynolds* and *E. W. Sellers,* for appellant.

*J. Applegate* and —— *Palmer,* for appellee.

ELLIOTT, J.—Appellee brought this action to recover for cattle killed and injured by a locomotive of the appellant at a point on the line of its railroad not securely fenced.

The appellant contends that the court erred in refusing a continuance. We have examined the affidavit filed in support of the application, and are of the opinion that it does not show diligence. It does show that at the time the cause was called for trial, the witness could not be present, but it also shows that this was almost certain to be the case, and that appellant knew it. It appears, therefore, that the appellant, having knowledge that the attendance of the witness could not be secured, took no steps to secure his deposition, and in this was guilty of negligence. Where a party can obtain the

deposition of a witness whose personal attendance he knows can not be secured at the term of court at which the cause is set for trial, it is his duty to cause his deposition to be taken.

It is true that, in such an action as the present, the plaintiff must allege and prove the county in which the cattle were killed. *Evansville, etc., R. R. Co. v. Epperson,* 59 Ind. 438; *Louisville, etc., R. W. Co. v. Breckenridge,* 64 Ind. 114. It is not necessary, however, that this should be done by direct or positive testimony. It will be sufficient if facts are proved from which it can be reasonably inferred. There are many facts justifying the inference that the cattle were killed in the county of White, as charged in the complaint.

In discussing the ruling on the motion in arrest of judgment, counsel say that the complaint is bad because it does not allege that the company was bound to fence at the place where the cattle were killed. This position is opposed by many cases. *Jeffersonville, etc., R. R. Co. v. Lyon,* 72 Ind. 107; *Ft. Wayne, etc., R. R. Co. v. Mussetter,* 48 Ind. 286; *Ohio, etc., R. W. Co. v. McClure,* 47 Ind. 317. It may be shown as matter of defence that the railroad company was not obliged to keep the road fenced at the point where the injury occurred.

Judgment affirmed.

Petition for a rehearing overruled.