MAY TERM, 1882. 89

The Louisville, New Albany and Chicago Railway Company v. Davis.

No. 9603.

## THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY v. DAVIS.

RAILROAD.—*Killing or Injuring Animals.—Action is Local.—Jurisdiction.*— Under the statute providing compensation to the owner of animals killed or injured by the cars, locomotives or other carriages of any railroad company in this State, section 4026, R. S. 1881, the owner's action is local, and he must allege in his complaint, as a jurisdictional fact, that his animals were killed or injured in the county where he brings his suit. Otherwise the complaint will be bad, on demurrer thereto, for the want of sufficient facts; but where such complaint contains a description of the land where the railroad's road-bed was located, and avers that the animals were there injured, and avers that the land so described was in the county where the suit is brought, the complaint is sufficient to repel a demurrer for want of an allegation of jurisdiction.

From the Lawrence Circuit Court.

*G. W. Friedley* and *E. D. Pearson,* for appellant.

HOWK, J.—In this case the appellee sued the appellant to recover damages, under the statute, for running over and fatally injuring certain live-stock of the appellee, on the line of its railroad. The cause was put at issue and tried by the court, and a finding was made for the appellee, assessing his damages in the sum of one hundred and sixty dollars. Over the appellant's motion for a new trial, and its exception saved, the court rendered judgment on its finding for the appellee.

The errors relied upon by the appellant's counsel, in argument, for the reversal of the judgment below, are, that the trial court had no jurisdiction of the subject of this action, and that the court erred in overruling appellant's demurrer to appellee's complaint.

It is necessary to the proper presentation of the questions arising under each of these errors, and to a clear understanding of our decision of those questions, that we should first give a summary, at least, of the facts alleged in appellee's complaint. The appellee alleged therein, in substance, that about the 23d day of March, 1881, a part of the appellant's

road-bed was located on section 14, township 4 north, and range 1 west, in Marion township, Lawrence county, Indiana, and that there was a portion of land, adjoining to said road-bed and road, which the appellant ought of right to have fenced, and could have fenced, and by law should have fenced, but it was not fenced; that by reason of said road being so unfenced along and adjacent to the lands aforesaid, the appellee's stock, to wit (describing three horses, of specified values), went on to said road-track of the appellant, and were then and there fatally injured, by being struck, and knocked down and run over by the appellant's locomotive and cars, to the appellee's damage $500. Wherefore, etc.

There was no objection by the appellant, to this complaint, in the circuit court, on the ground that the court had no jurisdiction of the subject of the action. But this objection is one which is not waived by the failure to present it, in the trial court, and if it exists it may be made for the first time, by the assignment thereof as error, in this court. The action is purely statutory, that is, in the absence of the statute, the appellant would not be liable to the appellee for the injuries to his stock, upon the facts stated in his complaint. Therefore, it was incumbent on the appellee to bring his action against the appellant for the injuries complained of, under and in conformity with the provisions of the statute, which made the appellant liable to him in damages, for the injuries to his stock. The appellee commenced this action in the circuit court of Lawrence county, and, therefore, it was necessary that he should allege in his complaint, as a jurisdictional fact, that the injuries to his stock, for which he sought to recover damages, were committed by the appellant in Lawrence county. This is so, because the statute, under which the appellee sued (section 4026, R. S. 1881), provided that he should file his complaint and prosecute his claim against the appellant, in the circuit court of the county in which the injuries to his stock occurred. This is the construction which this court has heretofore placed upon the statute, and we think it the correct

construction. *Evansville, etc., R. R. Co.* v. *Epperson,* 59 Ind. 438; *Louisville, etc., R. W. Co.* v. *Breckenridge,* 64 Ind. 113.

In the case at bar, the point is made by the appellant's counsel, that the appellee's complaint does not show that the injuries to his stock occurred in Lawrence county. We do not think, however, that this point is well made, or ought to be sustained. It is true, that the allegations of the complaint, in regard to the place where the injuries occurred, are to some extent indefinite and uncertain; but it seems clear to us, from all the allegations of the complaint, that the portion of land mentioned in the complaint is a portion of section 14, which section is definitely alleged to be in Lawrence county. It is not a forced construction of the complaint to hold, as we do, that it shows with reasonable certainty, that the injuries to appellee's stock occurred in Lawrence county, and this showing was sufficient to give the trial court jurisdiction of this cause.

Under the alleged error of the court, in overruling the demurrer to the complaint, the only point made by the appellant's counsel is, that there is no sufficient averment that the appellant had or run any railroad in or through said county. This point is not well taken. The complaint showed that section 14 was in Lawrence county, on which section appellant's "road-bed" and "road-track" were located, and thereon the appellee's stock were "run over by appellant's locomotive and cars." It is true that these allegations were not so full, clear and explicit as they might have been in regard to the appellant having or running a railroad in or through said county, but they were sufficient, we think, to withstand the demurrer to the complaint on the only ground of objection thereto discussed by the appellant's counsel in their brief of this cause.

The judgment is affirmed, with costs.