Filed Nov 15, 1892.

---

No. 649.

## THE LAKE ERIE AND WESTERN RAILWAY COMPANY v. FISHBACK.

RAILROAD.—*Killing of Animals.*—*Complaint Need not Allege Road Could have Been Fenced.*—Where, in an action against a railroad company to recover damages for the killing of an animal, the complaint alleged that the railroad was not fenced at the place where the animal entered upon it, it was not necessary to allege or show that it could have been properly fenced at such place.

SAME.—*Complaint.*—*Jurisdictional Fact.*—*Demurrer.*—In such an action a complaint is defective for not alleging the place where the animal was killed, as such an allegation is a jurisdictional fact, but the defect can not be taken advantage of under a demurrer averring that the complaint did not state facts sufficient "to constitute a cause of action." The demurrer must specifically challenge the jurisdiction of the court.

SAME.—*Obligation to Keep Fences in Repair.*—*Statute Construed.*—A railroad company is liable, under the statute, for a failure to keep a fence in repair after it is built, if animals are killed on that account, to the same extent as if there had been a total failure to fence. In either event the road is not securely fenced as required by statute.

From the Jay Circuit Court.

*J. J. M. La Follette* and *O. H. Adair*, for appellant.

*J. M. Smith*, for appellee.

Fox, J.—In this case the appellee recovered a judgment against the appellant in the Jay Circuit Court for killing a horse. The amended complaint filed in the cause consisted of three paragraphs. A demurrer having been overruled to each paragraph, a general denial was filed, and upon the issue thus joined the case was tried by a jury, and a verdict returned in favor of the appellee. Interrogatories were submitted to and answered by the jury. The appellant moved for a judgment upon the answers to the interrogatories submitted to the jury. This motion was overruled. The appellant then filed a motion for a new trial, which was overruled, and a judgment rendered upon the verdict in favor of the appellee. Proper exceptions were taken.

The assignment of errors is as follows:

1st. The court erred in overruling the appellant's demurrer to the 1st, 2d and 3d paragraphs of appellee's amended complaint, and each of them.

2d. The court erred in overruling the appellant's motion for judgment on the answers of the jury to special interrogatories, notwithstanding the general verdict.

3d. The court erred in overruling the appellant's motion for a new trial.

First in order comes the alleged error of the court in overruling the demurrer to the several paragraphs of the complaint. In argument appellant's counsel say that the 1st paragraph is bad, because " it contains no averment that the killing of the horse occurred at a place where the road might have been fenced." The brevity of this paragraph of the complaint seems to indicate a poverty in the English language which is not generally understood to exist. As it appears in the record the paragraph is as follows:

" The plaintiff above named for his amended 1st para-

graph of complaint complains of the defendant, the Lake Erie & Western Railroad Company, and says that said defendant is a corporation duly organized under the laws of the State of Indiana, that heretofore, to wit, on the ———— day of January, 1891, the said defendant was the owner of and operating a railroad with locomotives and cars across and through the farm of the said plaintiff in Richland township, Jay county, Indiana, that on said day of January aforesaid, the plaintiff's horse strayed upon the track of said defendant at a point where the same was not securely fenced; that said defendant, with its locomotive and train of cars, ran over and against said horse without any fault on plaintiff's part, wounded, maimed and killed the same, to plaintiff's damage in the sum of one hundred and fifty dollars, which is due and unpaid, for which he demands judgment."

In an action of this kind, if it is alleged in the complaint that the railroad was not fenced at the place where the animal entered upon it, it is not necessary that it be also alleged, or shown that the railroad could have been properly fenced at such place. *Louisville, etc., R. W. Co.* v. *Hughes,* 2 Ind. App. 68. If such is the fact, it is a matter of defence. *Louisville, etc., R. W. Co.* v. *Kious,* 82 Ind. 357; *Jeffersonville, etc., R. R. Co.* v. *Lyon,* 72 Ind. 107; *Jeffersonville, etc., R. R. Co.* v. *Brevoort,* 30 Ind. 324; *Evansville, etc., R. R. Co.* v. *Mosier,* 101 Ind. 597; *Cincinnati, etc., R. W. Co.* v. *Parker,* 109 Ind. 235; *Chicago, etc., R. R. Co.* v. *Modesitt,* 124 Ind. 212; *Ft. Wayne, etc., R. R. Co.* v. *Herbold,* 99 Ind. 91; *Evansville, etc., R. R. Co.* v. *Tipton,* 101 Ind. 197.

Manifestly, it was the intention of the pleader, judging from what little he has expressed in his complaint, to proceed under the statute requiring railroad companies to fence their roads or else become liable for animals killed by their machinery without regard to the question of negligence.

It is also insisted that the first and second paragraphs of the complaint are fatally defective for the reason that it is not averred therein that the horse was killed in Jay county. In

support of this proposition we are referred to the following cases : *Evansville, etc., R. R. Co.* v. *Epperson,* 59 Ind. 438 ; *Louisville, etc., R. W. Co.* v. *Davis,* 83 Ind. 89 ; *Louisville, etc., R. R. Co.* v. *Breckenridge,* 64 Ind. 438 ; *Louisville, etc., R. R. Co.* v. *Kious, supra.* In the light of these authorities, it unquestionably appears that the paragraphs mentioned are defective, and if the objection had been properly taken in the court below we should have reversed this case. " The action is purely statutory, that is, in the absence of the statute, the appellant would not be liable to the appellee for the injuries to his stock, upon the facts stated in the complaint." *Louisville, etc., R. W. Co.* v. *Davis, supra.* The allegation in a complaint under the statute as to the place where stock is killed is in its nature jurisdictional. *Baltimore, etc., R. W. Co.* v. *McClellan,* 59 Ind. 440. The demurrer filed was for want of sufficient facts to " constitute a cause of action." The causes for which a demurrer may be filed to a complaint under our code are stated in the subdivisions of section 339, R. S. 1881. The first provides that a complaint is demurrable if it appears upon its face that the court had no jurisdiction of the person of the defendant or the subject of the action. The fifth provides that a demurrer will lie if the " complaint does not state facts sufficient to constitute a cause of action." *Whitewater R. R. Co.* v. *Milligan,* 94 Ind. 216.

"Causes of demurrer must conform to the specifications of the statute. The specifications in the statute as to grounds of demurrer are separate and independent, and the causes assigned in the demurrer should conform thereto. If the pleading to which the demurrer is addressed is not subject to demurrer for the reason assigned it must be overruled, although it is demurrable upon other grounds." See, also, *Toledo, etc., R. W. Co.* v. *Milligan,* 52 Ind. 505. In this case the reason assigned for the demurrer was not under the proper specifications of the statute to raise a jurisdictional

question.   For this reason it was properly overruled.   *Bass,* *etc., Works* v. *Board, etc.,* 115 Ind. 234.

The objection to the action of the court below in overruling the motion for a judgment upon the answers of the jury to interrogatories notwithstanding the general verdict is not well taken.   These answers were in harmony with and fully sustained the general verdict.

The jury in their general verdict expressly stated that their finding in favor of the plaintiff was upon the first paragraph of the complaint only.   This rendered the issues joined upon the second and third paragraphs of the complaint wholly unimportant as far as the result of the trial was concerned.

Counsel, in argument, attempt to draw a distinction between the liability of a railroad company in a case where there is a failure to fence the road and one where there is a failure to keep the fence in repair after it is built.   The statutory requirement is, that the road shall be "securely fenced in."   If no fence is built, or if one is built and suffered to become out of repair, so that it will not prevent stock from entering upon the road, then the road is not "securely fenced in."   The jury in answer to the sixth interrogatory said that the appellant did not "keep and maintain a fence sufficient to turn stock at the point where the horse strayed upon the track."   This responded to the allegation in the first paragraph of the complaint that the road was "not securely fenced," and fixed the liability of the appellant as far as this part was concerned.

Under the third assignment of error, the appellant insists that the evidence was insufficient to support either the general verdict or the answers to the interrogatories.   The rule is familiar, that this court will not review the testimony for the purpose of determining its weight in cases of conflict between witnesses.   This is the province of the jury.   If, upon any reasonable theory, the evidence fairly amounts to proof of what the jury finds, then this court will not and

should not interfere. In this case the proof of many of the material points was circumstantial. In attempting to prove these circumstances there was much conflict in the testimony. If the circumstances manifestly relied upon by the appellee were established, then we think the verdict and answers of the jury were justified. Evidently, the jury regarded these circumstances as existing, and that is the end of the matter as far as this court is concerned.

Under the third assignment of error the appellant complains of the first, second, third and fourth instructions asked by the appellee at the trial and given by the court. Counsel say, in argument, that the appellee "proceeded upon the theory that this was a right of action growing out of a failure on the part of the company to fence its right of way, while the evidence shows conclusively that if any right of action existed in favor of appellee it was for negligence in not keeping the fence in repair." No other objection than this is urged against the instruction in question. As far as the object of this suit is concerned, we think counsel are attempting to make "a distinction without a difference." The question is, was the road at the point where the horse entered upon it "securely fenced in?" The jury answered that it was not.

The judgment is affirmed, with costs.

Filed Nov 17, 1892.