Davis, C. J.
This suit was brought in the circuit court of Washington county for damages on account of a colt being killed on appellant’s railroad track. The action is based on the statute. R. S. 1881, sections 4026,4031.
It is alleged in the complaint, that the colt came upon the right of way and track at a point where the railroad was not fenced, but it is not averred that the accident occurred in Washington county.
The appellee recovered judgment in the court below.
Three errors only are discussed in this court:
1. Overruling appellant’s demurrer to the complaint.
2. Overruling appellant’s motion for a new trial.
3. Overruling appellant’s motion in arrest of judgment.
The only cause assigned in the demurrer is that the-complaint does not state facts sufficient to constitute a cause of action.
The only defect pointed out in argument is the failure; to allege that the colt was killed in the county in which the action was commenced.
*329 Filed Mar. 9, 1894;
petition for a rehearing overruled Dec. 11, 1894.
This demurrer does not raise the question sought to be presented. Lake Erie, etc., R. W. Co. v. Fishback, 5 Ind. App. 403. and authorities there cited.
Is this question properly presented by the motion in arrest of judgment?
In Toledo, etc., R. W. Co. v. Milligan, 52 Ind. 505, Judge Buskirk, speaking for the Supreme Court, says: “The rule, as applicable to the casein judgment, maybe stated thus: In an action under the statute, the com-
plaint should aver that the animals were killed or injured in the county where the action is brought. If the complaint omits such averment, the objection may be raised by demurrer, assigning therefor want of jurisdiction, or by answer; but the failure to so raise it will not amount to a waiver, and the question may be raised by a motion in arrest of judgment or by an assignment of error in this court that the court below did not possess jurisdiction of the subject-matter of the action.” See Louisville, etc., R. W. Co. v. Davis, 83 Ind. 89; Indianapolis, etc., R. R. Co. v. Renner, 17 Ind. 135; Evansville, etc., R. R. Co. v. Epperson, 59 Ind. 438; Loeb v. Mathis, 37 Ind. 306; Leary v. Langsdale, 35 Ind. 74.
The decision in Toledo, etc., R. W. Co. v. Milligan, supra, has not been overruled or modified, and measured by that rule the court erred in overruling the motion in arrest.
Judgment reversed.