Filed December 12, 1895.

No. 1,608.

### THE CHICAGO AND SOUTHEASTERN RAILWAY COMPANY v. WHEELER.

PLEADING. — *Complaint.— Railroad.— Damages.— Animals.— Jurisdiction.*—A complaint against a railway company for killing plain-

The Chicago and Southeastern Railway Company *v.* Wheeler.

tiff's horses, alleging that plaintiff owns a farm lying in the county where suit is brought, and that his horses entered on the railroad track at an unfenced point on the lands of an adjoining owner, is insufficient to show that the horses were killed in the county where the suit is brought.

JURISDICTION.—*Demurrer for Want of Facts.*—An objection to the jurisdiction on the ground that the action has been commenced in the wrong county cannot be raised under a demurrer for want of facts.

SAME.—*Action in Wrong County.—Arrest of Judgment.*—An objection to the jurisdiction on the ground that the action is brought in the wrong county may be made on a motion in arrest of judgment, although section 436, R. S. 1894, provides that such objection shall be deemed to have been waived, unless taken by answer or demurrer.

From the Hamilton Circuit Court.

*W. R. Crawford* and *U. C. Stover*, for appellant.

*W. Booth*, for appellee.

Lotz, J.—The appellee's horses entered upon the appellant's right of way and railroad track at a point where it was not fenced, and were killed by the locomotive and cars. He brought this action to recover damages for the injury done. Appellants demurred to the complaint for want of facts. This demurrer was overruled, and it then answered by way of general denial. The cause was tried by a jury, and a special verdict was returned, upon which the court, after overruling appellant's motion for a judgment in its favor on the verdict and overruling its motion in arrest, rendered judgment in favor of the appellee.

The first assignment of error is that the trial court erred in overruling appellant's demurrer to the complaint. The complaint avers that the defendant's railroad runs from the city of Anderson west, through Hamilton county; "that the plaintiff is the owner of a farm in said county lying along and joining the line of

said railway company, and one George Haverstick is also the owner of a farm joining his, and also said railway company lying on both sides thereof, over which said railway lays; that along and through which the defendant has  *  *  *  failed to fence or enclose its line of railway  *  *  *  along and through said farms  *  *  *; that on the 21st day of December, 1893, the plaintiff was the owner of two black mares of the value of $300.00, which he kept on his farm on pasture, and at said date his horses entered on the lands of said Haverstick, and thence upon the defendant's line of railway at said point where it was not fenced  *  *, and while thereupon the defendant by its engine and train of cars  *  *  *  ran over, injured, and killed the  *  two horses."

The objection made to the complaint is, that it does not appear that the horses were killed in Hamilton county. It is not shown in what part of the county appellee's farm is situated. For aught that appears it may be on the line between two counties, and the Haverstick farm may adjoin it, although in another county. The horses entered the right of way on the Haverstick land, and they may have been killed in another county than that of Hamilton.

It is settled by many decisions that the statutory action for injuries done to animals which have entered upon the track of a railroad at a point where it is not fenced is local, and should be brought in the county where the injury was done. *Lake Erie, etc., R. W. Co.* v. *Fishback*, 5 Ind. App. 403.

It is held in some cases that the county in which the injury was done must be alleged and proved; that it is a jurisdictional fact. *Evansville, etc., R. R. Co.* v. *Epperson*, 59 Ind. 438.

It is also held in some cases that the question of

locality goes to the jurisdiction of the subject, that it cannot be waived, and may be assigned as error for the first time on appeal. *Louisville, etc., R. W. Co.* v. *Davis*, 83 Ind. 89.

A contrary rule has been asserted in other cases, it being held that the question of jurisdiction in such cases does not go to the general subject, but only to the particular subject, and that it may be waived under section 346, R. S. 1894 (section 343, R. S. 1881), which provides "that the objection that the action was brought in the wrong county if not taken by answer or demurrer shall be deemed to have been waived." *Indianapolis, etc., R. R. Co.* v. *Solomon,* 23 Ind. 534; *Coleman* v. *Floyd*, 131 Ind. 330; see also Elliott Gen. Prac., p. 261, 262, 263, where this subject is fully treated.

In this case there was no demurrer or answer raising the question of jurisdiction, and it cannot be raised under a demurrer for want of facts. *Lake Erie, etc., R. W. Co.* v. *Fishback, supra; Whitewater R. R. Co.* v. *Bridgett*, 94 Ind. 216. Neither is there an assignment of error calling in question the jurisdiction of the trial court. But there was a motion in arrest of judgment, and the ruling on this motion is assigned as error. As anomalous as it may seem in view of section 346, *supra*, still the supreme court has held that the question of jurisdiction, in the absence of an answer or demurrer going to that question, may be raised on a motion in arrest. *Toledo, etc., R. W. Co.* v. *Milligan*, 52 Ind. 505; see also *Louisville, etc., R. W. Co.* v. *Johnson*, 11 Ind. App. 328.

A motion in arrest of judgment need not be in writing, nor need it point out the grounds therefor. *Fall* v. *Hazelrigg*, 45 Ind. 576; nor need it be brought into

the record by bill of exceptions. *Salander* v. *Lockwood,* 66 Ind. 285; *Doctor* v. *Hartman,* 74 Ind. 221.

The special findings as to the description of the locality in which the horses were killed is the same as the complaint. The evidence is not in the record, and this court has no means of determining that the action was brought in the county where the stock was killed.

For the error in overruling the motion in arrest, the judgment is reversed.

Filed December 12, 1895.