### CALDWELL v. SHAEFER ET AL.

[No. 9,696.  Filed January 22, 1919.]

1. VENUE.—*Actions.*—*Possession of Real Estate.*—Where a tract of real estate involved in an action for possession lay in two counties, the circuit court of one of such counties had jurisdiction over the real estate in both counties, in view of §309 Burns 1914, §307 R. S. 1881. p. 189.

2. PLEADING.—*Demurrer.*—*Want of Facts.*—A demurrer for want of facts raises no question as to jurisdiction. p. 189.

From Noble Circuit Court; *Luke H. Wrigley,* Judge.

Action by Mary E. Shaefer and others against Chester Caldwell. From a judgment for the plaintiffs, the defendant appeals. *Affirmed.*

*Redmond & Emerick,* for appellant.

*Vermont Finley, Clarence Finley* and *Fred L. Bodenhafer,* for appellees.

McMAHAN, J.—The appellees by a written instrument leased a farm to the appellant. Part of the real estate is in Noble county, Indiana, and the balance of it is in Lagrange county. Upon the expiration of the lease the appellant failed to surrender possession. The appellees filed their complaint in the Noble Circuit Court against the appellant for the possession of the whole of the real estate described in the lease.

Appellant's demurrer to the complaint for want of facts was overruled and exception saved. From a judgment awarding possession to appellees, appellant prosecutes this appeal, and says that the court erred in overruling his demurrer to the complaint, for the reason that the Noble Circuit Court did not have jurisdiction over the real estate situated in Lagrange county.

The action of the lower court was clearly right. Section 309 Burns 1914, §307 R. S. 1881, provides that actions for the recovery of real property shall

1. be brought in the county in which the whole, or some part, of the real estate is situated. Part of the real estate described was situated in Noble county and under the above statute the Noble Circuit Court had jurisdiction over the land in both counties.

The demurrer, being for want of facts, does not raise any question as to jurisdiction. *White-*
2. *water R. Co.* v. *Bridgett* (1884), 94 Ind. 216.
Judgment affirmed.