## CITY OF FRANKLIN *v.* GRAHAM REALTY COMPANY.

[No. 13,267.   Filed May 29, 1929.]

*Howard P. Robinson,* for appellant.
*Featherngill & Drybread,* for appellee.

NICHOLS, J.—Appeal from the action of the common council of the city of Franklin, appellant, in adopting an assessment roll for the improvement of Maple Lane in said city, taken by appellee filing, on February 12, 1927,

its complaint against appellant, alleging that appellee was a corporation, and appellant a municipal corporation, both organized under the laws of the State of Indiana; that the common council of said city caused to be passed a declaratory resolution for the improvement of Maple Lane, a public street within said city, by grading and graveling it to an established grade, by constructing a concrete sidewalk, curb and gutter on both sides thereof and by constructing therein an extension of the sanitary sewer system of said city; that said common council advertised for bids for the construction of said improvements; that said contract was let and said improvements constructed according to the plans and specifications; that on January 24, 1927, the city civil engineer filed with the city clerk of said city the preliminary assessment roll for the improvement of said street, which primary assessment roll shows the total cost of said improvement to be $5,271.90, of which $4,140.54 was assessed against the lands of appellee, $233.16 against the city for the cost of street and alley intersections, and the balance of $898.20 against abutting and adjacent real estate owned by others, which amount was assessed *prima facie* against the abutting property; that the common council published notice of final hearing upon such primary assessment roll to be held on February 3, 1927; that, upon said date, said common council had said hearing, and assessed all the benefits derived from said improvements against the property owned by appellee, and exempted all the other abutting property owners to the extent of $1,131.36 from said assessment, and assessed the entire cost of said improvement against the property of appellee; that a written remonstrance was filed with said city, appellant, nine days after the date of the final hearing, which was on February 12, 1927, objecting to said assessment.

On the same day, appellee filed its complaint in the

Johnson Circuit Court appealing from the assessment as made by said common council. Appellant filed a demurrer to said complaint, which demurrer was overruled by the trial court, and, on July 20, 1927, said cause was submitted to the court for trial, without a jury, which resulted in a finding for appellee, that it was benefited in the sum of $4,140.54, that the total cost of said improvement was $5,271.90; and that the sum of $1,131.36 should be assessed against appellant, the city of Franklin, and judgment was rendered accordingly. Appellant now undertakes to prosecute this appeal, assigning as error the court's action in overruling its demurrer to the complaint and in overruling its motion for a new trial.

Appellant, by this appeal, undertakes to present questions not only as to the jurisdiction of the trial court, but as to the merits of the controversy as well. It is expressly provided by §10347 Burns 1926 that the decision of the trial court shall be final and that no appeal shall lie therefrom. In *City of Peru* v. *Kreutzer* (1926), 86 Ind. App. 420, 153 N. E. 420, 155 N. E. 515, this court held that an appeal may be taken from a judgment rendered on an appeal to the circuit court from an assessment for a municipal improvement, for the purpose of questioning the court's jurisdiction and of setting aside the judgment as void, although, if the court had had jurisdiction, no appeal could have been taken. Appellee vigorously challenges the rule of law as announced in that case, as well as in the case of *McDorman* v. *City of Terre Haute* (1927), 158 N. E. (Ind. App.) 257, contending that, under authority of *City of New Albany* v. *Lemon* (1925), 198 Ind. 127, 149 N. E. 350, 152 N. E. 723, appellant's only relief was in equity by way of injunction, and that, under the statute cited, there could be no appeal for any purpose whatever. We do not need to discuss these cases further than to say

that there was a petition to transfer the Kreutzer case to the Supreme Court, which was denied, and that the McDorman case is still pending on a petition to transfer. However, as hereinafter appears, we do not see that appellee is in any way embarrassed by the decision in either of those cases. It is clearly held in each of the cases that the right of appeal was for the purpose of presenting the jurisdictional question. Under those authorities, the most that appellant can do herein is to present the question of the jurisdiction of the trial court. Section 362 Burns 1926 specifies the grounds for which a demurrer to a complaint may be filed, the first of which is "that the court has no jurisdiction of the person of the defendant or the subject-matter of the action." The only ground which appellant has stated in its demurrer to the complaint is that the complaint does not state facts sufficient to constitute a cause of action. It is well settled, under authorities both of this court and the Supreme Court, that a demurrer to a complaint for want of facts presents no question as to the jurisdiction of the court. *Whitewater R. Co.* v. *Bridgett* (1884), 94 Ind. 216; *Toledo, etc., R. Co.* v. *Milligan* (1876), 52 Ind. 505, 512; *Bass Foundry, etc., Works* v. *Board, etc.* (1888), 115 Ind. 234, 17 N. E. 593; *Chicago, etc., R. Co.* v. *Wheeler* (1895), 14 Ind. App. 62, 42 N. E. 489; *Lake Erie, etc., R. Co.* v. *Fishback* (1892), 5 Ind. App. 403, 32 N. E. 346; *Caldwell* v. *Shaefer* (1919), 69 Ind. App. 188, 121 N. E. 549.

No question, therefore, has been brought to this court. Appeal dismissed.