Argued June 28; affirmed July 16, 1935

## DONOHUE *v.* ANDREWS
### (47 P. (2d) 940)

*H. E. Slattery,* of Eugene (Slattery & Slattery, of Eugene, on the brief), for appellant.

*Lawrence T. Harris,* of Eugene, and *Harry M. Kenin,* of Portland (Herzog, Kenin & Kenin, and Clifford D. O'Brien, all of Portland, on the brief), for respondents.

BELT, J. This is a suit to enjoin the defendant members of the Oregon State Board of Dental Examiners from revoking the license of the plaintiff to practice dentistry. The plaintiff in his complaint alleges that during the month of October, 1934, he published in the "Eugene Morning News", a daily newspaper, the following advertisement:

# MODERN DENTISTRY

### "NOT CHEAP DENTISTRY BUT MODERN DENTISTRY CHEAP"

A new dental law is in effect which prohibits a dentist from **ADVERTISING** prices, free examination, to guarantee his dentistry, to perform painless operations, etc.

I maintain that this law deprives the deserving public of a very great benefit—the common law right of being informed by advertisements. Help me to have this law repealed.

**20 Years in Practice**

### EXTRACTIONS FILLINGS PLATES ?

> Visit my office and judge for yourself as to skill, quality and prices.

## "Daylite Sleep,"

a 2% Sol. of Procaine which minimizes pain.

To Telephone 441-J for Prices and Appointment is . . . . **FREE**

# Dr. S. T. Donohue

Telephone 441-J                    960 Willamette Street

It is alleged in substance that the Board of Dental Examiners wrongfully asserts and contends that the above advertisement violates the law of this state (§ 68-1013, Oregon Code 1930, as amended by § 2, chapter 166, Oregon Laws, 1933), prohibiting dentists from "advertising prices for professional services" and, unless enjoined, will institute against the plaintiff charges of unprofessional conduct.

The defendants demurred to the complaint for the reason that it failed to allege facts sufficient to constitute a cause of suit. The trial court sustained the demurrer and, upon refusal of the plaintiff further to plead, dismissed the suit. Plaintiff appeals.

■ The vital question is whether the above advertisement violates the statute. Did plaintiff transcend the law when he advertised "modern dentistry cheap"? Section 68-1013, Oregon Code 1930, as amended in 1933, provides that a dentist may have his license revoked or suspended for unprofessional conduct. It also enumerates those things which shall constitute unprofessional conduct—among which is "advertising prices for professional services". Plaintiff does not challenge the constitutionality of the act. That question was settled in *Semler v. Oregon State Board of Dental Examiners* (148 Or. 50, 34 P. (2d) 311) on appeal to the supreme court of the United States, decided April 1, 1935, and reported in 55 S. Ct. 570, wherein it was held that such legislation was a proper exercise of the police power and violated no constitutional rights of the plaintiff therein. As stated in the Semler case, the object and purpose of the act "is the elevation of the standards of the dental profession and the prevention of advertising of a character ordinarily used by unscrupulous practitioners to deceive or mislead the public".

It puts a ban on specified kinds of advertising which tend to lure the credulous and ignorant members of the public to the office of unscrupulous practitioners. The law, however, does not prohibit all kinds of advertising. It is only the kind of advertising specifically mention in the statute that is prohibited. It is beside the question that plaintiff in the instant case may be acting in good faith and will not mislead or deceive the public. The supreme court of the United States in the Semler case thus answered such contention:

"In framing its policy the legislature was not bound to provide for determinations of the relative proficiency of particular practitioners. The legislature was entitled to consider the general effects of the practices which it described, and if these effects were injurious in facilitating unwarranted and misleading claims, to counteract them by a general rule even though in particular instances there might be no actual deception or misstatement."

The defendants contend that the trial court was right in dismissing the suit for injunction for two reasons, viz: (1) Plaintiff had a plain, adequate, and complete remedy at law; (2) the complaint did not allege facts sufficient to constitute a cause of suit as it appeared upon the face thereof that the advertisement in question was in violation of the law. It is doubtful if a general demurrer raises the question as to whether equitable jurisdiction obtains in this cause: 10 R. C. L. 368; 21 C. J. 162; *Burton v. Wadley Southern R. Co.,* 25 Ga. App. 599 (103 S. E. 881) ; *Saxton v. Seiberling,* 48 Ohio St. 554 (29 N. E. 179) ; *Caldwell v. Shaefer,* 69 Ind. App. 188 (121 N. E. 549). We shall, therefore, consider the sole question whether there was a violation of the statute. Whether there is a plain and adequate remedy at law in such cases will be reserved for decision when no waiver of jurisdiction is involved.

■ The precise question then is whether advertising "modern dentistry cheap" is "advertising prices for professional services". True, plaintiff has not stated any definite or fixed price, but he has, nevertheless, through carefully guarded language, conveyed to the public the idea that his charge for dental services will be lower than that ordinarily made for such work. Undoubtedly the word "cheap" connotes a price below the average charge. It means a "low price". Having in mind the purpose and spirit of the statute, we are unable to agree with plaintiff that he can advertise in any manner whatsoever "prices for professional services", if he avoids stating any definite or fixed price. We think the advertisement is a plain attempt to evade the spirit of the law. See well prepared opinion of the Attorney General addressed to the Oregon State Board of Dental Examiners, under date of October 19, 1934. If plaintiff's contention is upheld in this case, he could, with equal propriety, advertise that he would do dental work cheaper than any other dentist in Lane county, or in the state of Oregon. All sorts of catch phrases covering prices as a lure or bait for the public would be the order of the day by those who care not for the ethics of a profession. However, plaintiff is not dealing in commodities, but is a member of a learned profession. The rules of the market place do not apply.

That it was the intention of the legislature to prohibit such kind of advertising relating to prices for dental services is clearly indicated by a consideration of the history of the enactment of the 1933 amendment to § 68-1013, Oregon Code 1930. House Bill 148—being the 1933 amendment—as originally introduced provided that a dentist's license could be suspended or revoked for "advertising definite, fixed prices when the nature of the professional service rendered and the materials

required must be variable''; but it was amended so as to read in its present form. Hence we conclude that the legislature was not content merely to prohibit advertising fixed or definite prices. It intended to go further and put a ban on all kinds of advertising relative to prices which would have a tendency to lure the ignorant or credulous.

The decree of the lower court is affirmed. Defendants are entitled to costs and disbursements.